JAMES HUGHES, Plaintiff, *v.* SAM GELLER, Defendant.

Supreme Court, Special Term, Kings County, October 30, 1944.

*Dreyer & Traub* for defendant.

*Thomas S. Colombo* for plaintiff solely for purpose of opposing motion.

HALLINAN, J. Motion by defendant in a personal injury action to dismiss the complaint for lack of prosecution.

It appears that a prior motion for the same relief was made in March, 1944, and the motion papers addressed to the attorney for the plaintiff were returned with a notation by the post office authorities " addressee unknown. No forwarding address." Investigation disclosed that said attorney was in the armed forces of the United States and that he had closed his office without arranging with any other attorney to handle his matters. Thereafter, another motion was made and the motion papers served upon the attorney for the plaintiff at his military address by ordinary mail. These papers were never returned and upon the return day of the motion there was no appearance by the plaintiff. The court was informed of the situation and the motion was withdrawn upon its suggestion for the purpose of serving new papers upon the plaintiff in person.

The motion papers upon the instant application were served upon the plaintiff in person. Upon the argument thereof an attorney appeared in behalf of the plaintiff solely for the purpose of opposing the motion upon the ground that he had not been given the opportunity of obtaining another attorney as required by section 240 of the Civil Practice Act. Said section, so far as applicable here, provides as follows: " If an attorney dies, is removed or suspended or *otherwise becomes disabled to act* at any time before judgment * * * no further proceedings shall be taken * * * against the party for whom he appeared until thirty days after notice to appoint another attorney has been given to that party * * *." (Italics supplied.) It seems clear that an attorney who has entered the military service and closed his office without arranging with some other attorney to handle his matters has become " disabled to act " within the meaning of section 240 of the Civil Practice Act, and no further proceedings should be taken against his client until he has had a reasonable opportunity to engage new counsel to protect his interests. No such opportunity has been given to the plaintiff herein. Accordingly the

instant motion must be denied without prejudice to renewal after notice has been duly given as required by section 240 of the Civil Practice Act.