JESSE SCHWARTZ, Appellant, v. BENJAMIN ASCHKENAZY, Individually and Doing Business under the Name of ASHLEY COUNTRY CLUB, Respondent.— Plaintiff appeals from an order restoring the above-entitled action to the trial term general calendar of the Supreme Court, Kings County, insofar as said order directs that said action be placed at the foot of said calendar upon the filing of a new note of issue and the payment of a new filing fee. Order modified by striking from the ordering paragraph everything following the word "restored" and by adding thereto the words "to the calendar in its regular position" and as so modified, order affirmed, without costs. In our opinion, the facts disclosed in this record required that the discretion of the learned Justice at Trial Term be exercised in favor of directing that the action be restored to the calendar in its regular position. Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.

■

PETER VLAHAKIS et al., Doing Business as FIVE CORNERS SWEET SHOPPE, Respondents, v. HARRY SHARF, Doing Business as NATIONAL SODA FOUNTAIN Co., Appellant.— In a consolidated action in which plaintiffs sued to recover $1,225 for conversion of certain chattels and defendant sued to recover $430.50 for work, labor and services, plaintiffs, on defendant's default in appearing, took an inquest and entered judgment for $1,343.50. Defendant appeals from an order denying his motion to vacate said judgment and to restore the case for trial, and from another order granting his motion for reargument but adhering to the original determination. Order on reargument modified by striking from the ordering paragraph the words "the original decision is adhered to." and by substituting therefor a provision that appellant's motion to vacate the judgment and to restore the case for trial be granted, without costs. As so modified, order affirmed, with $10 costs and disbursements to appellant. During the pendency of the action appellant's attorney was disbarred, and no notice was served upon appellant under section 240 of the Civil Practice Act. Thereafter an inquest was taken and judgment was entered without the knowledge of appellant or his present attorney. Under these facts and circumstances the judgment should have been vacated. Appeal from original order dismissed, without costs. Nolan, P. J., Adel, MacCrate, Schmidt and Murphy, JJ., concur. [See 284 App. Div. 903.]

■

WOODSAM ASSOCIATES, INC., Respondent, v. HARRY A. REYNOLDS PHARMACY, INC., Appellant.— In an action in ejectment, order denying defendant's motion to vacate plaintiff's notice of examination of defendant, as an adverse party, by two employees who were formerly officers of defendant, affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Adel, MacCrate, Beldock and Murphy, JJ., concur.