Per Curiam.

We are constrained, despite the evident delaying tactics of defendant, to grant his motion to vacate the judgment entered upon his default without any conditions attached. The mere fact that a defendant does know of his attorney’s death and an adjournment be granted for several months for him to engage another attorney does not relieve the adverse party from the necessity of giving him 30 days’ notice to appoint another attorney as required by section 240 of the Civil Practice *64 Act, where that adjournment is directed in his absence and without his participation. Moreover, plaintiffs were informed, at the very time that they were notified of the death of defendant’s attorney by counsel for the deceased attorney, that no further proceedings should be taken until ‘ ‘ proper notices ’ ’ were served. Counsel’s authority to appear in the case ended with the death of the attorney of record and Ms participation in, or knowledge of, the adjournment is not binding on defendant. The court might have, but did not, direct the giving of notice in any manner other than personally. The requirements of the section were not met.
The order should be modified by striking therefrom the provision as to the filing of a bond, and, as modified, affirmed, without costs; judgment accordingly vacated and case restored to the general calendar; appeal from judgment dismissed as nonappealable.
Hofstadter, Eder and Tilzer, JJ., concur.
Ordered accordingly.