Aron Steuer, J.
Defendant Florman moves to set aside a judgment against him and to vacate a subpoena in proceedings supplementary to that judgment. The basis of both motions is the same, namely, invalidity of the judgment. The action was a representative stockholders’ action on behalf of a corporation. It was tried in February, 1942 and resulted in a finding that the moving defendant was liable to the corporation in the sum of $168,000. It is claimed that the judgment subsequently entered is a nullity because, between the conclusion of the trial and the entry of judgment, the moving party’s attorneys had entered the military service and were disqualified from acting for him.
Section 240 of the Civil Practice Act, provides that if an attorney becomes disabled to act at any time before judgment no further proceedings shall be taken against the party he represents until 30 days after notice to appoint another attorney is given. Admittedly no such notice was given.
A brief chronology of the case is in order. On March 17,1942 findings and conclusions of law were passed upon. In October, 1942 applications were made for allowances. On November 14, 1942 a proposed decision and judgment was submitted. A question of attorney’s fees still remained undetermined and on December 18,1942 the court directed that an interlocutory judgment be submitted providing for a reference on the open question. A proposed judgment was served on March 31, 1943 and signed on April 15, 1943. It was docketed May 7, 1943. On June 8, 1943 a notice of appeal on behalf of defendant was served. This appeal was dismissed on November 22, 1943 by the Appellate Division.
On April 15, 1945 the question of fees was decided by an Official Referee. This matter did not involve the moving defendant. The corporation appealed and the appeal was withdrawn by stipulation and a final judgment entered November 6, 1946. None of the steps taken after May 7,1947 affected the judgment as regards the moving defendant.
Defendant was represented by the law firm of Josephs, Wilson & Lincoln. Prior to these events Mr. Wilson had severed his connection with the firm and the members were Messrs. Josephs and Lincoln. On July 9, 1942 Mr. Josephs became an officer in the United States Army and thereafter until 1945 remained in the service. In September, 1942 Mr. Lincoln closed his office and became an associate of the firm of Donovan, Leisure, Newton & Lombard. He continued to act for the defendant and in so doing purported to act for his former firm, Josephs & Lincoln. *571 On April 1, 1943 Mr. Lincoln was commissioned a lieutenant iu the Navy.
The question is whether in the days intervening to the date of entry of judgment Lincoln was ' ‘ disabled ’ ’ from acting as Florman’s attorney. If he was, in the language of a venerable authority (Commercial Bank v. Foltz, 13 App. Div. 603, 605): “ The command of this statute is absolute.” Further proceedings are barred. But not every entry into military service is a disability. In Hughes v. Geller (183 Misc. 771) it was pointed out an attorney who entered military service without arranging with some other attorney to handle his matters is disabled. Here there was such an arrangement. Here to an extent and for a time at least beyond May 7 there was such arrangement. Mr. Morhaus, the managing attorney for the Donovan firm, agreed to watch the action for Lincoln and keep him advised of developments. It was he who served the notice of appeal.
Admittedly there is nothing in section 240 which warrants an exception to disability where the disabled attorney arranges for a substitute. But also there is nothing* in the statute about military service either. The court there recognized some distinction between the situations created by death or disbarment (the situations actually envisioned by the statute) and entry into the armed forces. While the latter parallels the former, it is not exactly similar. In the former instances disability is likely to be sudden and certain to be final. Neither applies to the usual case of joining the armed forces. The decision gives effect to the usual manner in which attorneys departing the practice took care of their clients’ affairs, often without formal substitution and generally in the expectation of return to practice within a reasonable time. In such cases the cited decision implies that a notice need not be given and the acting attorney can be regarded as the real attorney.
With the extensive period that has elapsed since the entry of this judgment, it is not easy to get a complete picture of the relationships involved. Admittedly in the period between April 1 and May 7 there was nothing to be done which Morhaus did not do. After that date he served the notice of appeal and took care of such incidental matters that arose. No one has claimed that Morhaus lacked authority. It is not even certain that Lincoln entered the service prior to the entry of judgment. His affidavit fixes his entry as “ about April 1st ”. He does not state that he did not receive service of notice of entry of the judgment.
*572 While the equities may not be strictly material, it is worth noting that the moving party states as his grievance that he was deprived of his right of appeal by not knowing that a judgment was entered against him. This is absurd. He was examined in supplementary proceedings in 1943 and the fact that there was a judgment against him was repeatedly mentioned. He was not concerned as he was virtually judgment-proof. Now he is about to receive an inheritance and he is concerned. The conclusion is that the application is without merit either in law or in equity.
Motions denied.