## (December 20, 1967)

■ HARRY A. ADAMS, Appellant, v. GEORGE T. CANTRELLO, INC., Respondent, et al., Defendants.— Order of the Supreme Court, Rockland County, dated December 16, 1966, reversed, on the law, without costs, and respondent's motion to settle a stipulation which had been made previously denied, without prejudice to the institution of a plenary suit by respondent, if it be so advised. No questions of fact were considered on this appeal. A motion must be addressed to a pending action (*Matter of Jetter*, 78 N. Y. 601, 605). In the instant case, the action was effectively terminated by the foreclosing of the mortgages. Therefore, respondent's sole remedy was to bring a plenary suit rather than to seek an order to settle the stipulation (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435; *American Progressive Health Ins. Co. of N. Y.* v. *Chartier*, 6 A D 2d 579; see, 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2104.06). Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.

■ ENRICO ARDIS, an Infant by His Guardian ad Litem, FRED ARDIS, et al., Appellants, v. BENJAMIN SCHWARTZ, Respondent.— Order of the Supreme Court, Queens County, dated November 1, 1965, reversed, on the law and the facts and in the exercise of discretion, without costs, and plaintiff's motion to vacate two orders of said court, dated December 9, 1963 and September 9, 1964, respectively, and for other relief granted. The September, 1964 order dismissing the complaint was procured without compliance by defendant with CPLR 321 (subd. [c]), and should have been vacated (*Tournier* v. *Linden Gen.*, 26 A D 2d 576; *Vlahakis* v. *Sharf*, 283 App. Div. 1087). The delay in prosecuting the action was adequately explained and defendant points to no specific prejudice which would overcome the beneficial policy that controversies should be disposed of on their merits (*Benadon* v. *Antonio*, 10 A D 2d 40, 42). Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.

■ WALTER J. BOYLES, Respondent, v. RUTH FREEMAN et al., Appellants, et al., Defendant.— In a negligence action to recover damages for personal injuries, defendants Freeman appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County, dated May 19, 1967, as (1) granted plaintiff's motion to the extent that it was for summary judgment as against them on the issue of liability and (2) severed the causes of action as against them and ordered an assessment of damages as to said severed causes. Order reversed insofar as appealed from, without costs, and plaintiff's motion denied as to appellants, without costs. In our opinion, the appendix and exhibits before us present issues which may not be resolved on a motion for summary judgment (*Mandell* v. *Field*, 11 A D 2d 1074; *Thum* v. *Zraick*, 12 A D 2d 772; *Sanzo* v. *Toklas*, 10 A D 2d 931; *Walther* v. *News Syndicate Co.*, 276 App. Div. 169; cf. *Ando* v. *Woodberry*, 8 N Y 2d 165; *Burd* v. *Bleischer*, 208 App. Div. 499; *Barnet* v. *Cannizzaro*, 3 A D 2d 745, 747; Appellate Division Rules, Second Dept. part 1, rule XV, subd. [8]). Beldock, P. J., Christ, Brennan, Hopkins and Munder, JJ., concur.