Joseph Lief, J.
The defendants’ further application for reargument having been granted, after hearing held on January 23,1969 this court’s orders of November 22 and August 19, 1968 and the judgment entered by the plaintiff upon defendants’ default in the performance of the terms of an alleged stipulation of settlement are vacated.
Following the stipulation alleged to have been made on May 19, 1967 between the attorneys for the respective parties, the defendants made certain payments pursuant to its terms. In November, defendants’ attorney died. The stipulation contained a provision that should there be a failure to cure a default after 10 days’ notice to defendants’ attorney, plaintiff could proceed to judgment. After the default occurred plain *982 tiff’s attorneys repeatedly wrote to one of the defendants requesting payments in accordance with the stipulation, and remarked several times on the death of the attorney, and finally, having made known his intention to do so, entered judgment. Between the date of the death of the attorney and the date of the entry of judgment, three payments were received and applied on account of the settlement.
Judgment was entered in April of 1968 on the affidavit of one of the attorneys for the plaintiff which failed to disclose the death of defendants’ counsel.
The attorneys for plaintiff recognize their omission in having failed to comply with CPLR 321 (subd. [c]). The interdiction of that section is clear and absolute that when an attorney dies no further proceeding shall be taken in an action against the parties for whom he appeared without leave of the court until 30 days after notice to appoint another attorney has been served, either personally or in such manner as the court directs. The statute was designed to protect litigants who have been deprived of the services of their counsel and to give them a reasonable opportunity to obtain another lawyer before further proceedings are taken against them in an action (Hendry v. Hilton, 283 App. Div. 168, 171).
The command if the statute is absolute where the disability of the attorney is sudden and certain to be final, as in the case of death or disbarment (Commercial Bank v. Foltz, 13 App. Div. 603; Garsson v. National Rubber Mach. Co., 10 Misc 2d 569), and the decision of the court in Garsson (supra) is not to the contrary.
At least one of the defendants knew of the death of his lawyer. He received the letters requesting payment. Several of these letters warned him of plaintiff’s intention to enter judgment and he chose to ignore the same. Nevertheless proceedings were taken by the plaintiff’s attorneys without forwarding the notice required by CPLR 321 (subd. [c]) and without seeking leave of the court pursuant to that section. The entry of judgment was supported by statements that there had been a default in the stipulation, notice of which had been given pursuant to the stipulation but without disclosing that defendants’ attorney was deceased.
It follows that the judgment was improperly entered and must be vacated (Vlahakis v. Sharf, 283 App. Div. 1087, mots. for rearg. and for lv. to app. to Court of Appeals den. 284 App. Div. 903; Wolf v. Schenker, 2 Misc 2d 63) .
Although this court has not premised its conclusion on these factors, it may be noted that the defendants have denied any *983 knowledge of the stipulation of settlement; that the letters demanding payment were addressed to only one of the three defendants; and finally, that opposite the deceased attorney’s signature on the stipulation appear initials in parenthesis which may he indicative of the fact that the stipulation was signed by another than the attorney himself.
Any proceeding taken without having given the notice pursuant to CPLB 921 (subd. [c]) is fruitless (Kamelhaar v. National Transp. Co., 176 Misc. 1005). As between the plaintiff which failed to comply with the statute and the defendants who were guilty of laches and yet had been deprived of the services of their attorneys, the choice is clear and therefore defendants ’ application to vacate the judgment is granted.