■ MARIO FEOLA, Appellant, v MOORE MCCORMACK LINES, INC., et al., Respondents. — Order of the Supreme Court, New York County (Whitman, J.), entered March 25, 1983, which denied plaintiff's motion to renew and reargue a prior motion, is reversed, on the law and facts, without costs, the motion to renew is granted and, upon renewal, the prior order of March 4, 1982, which granted the motion of defendant Moore McCormack Lines, Inc., for an order striking plaintiff's complaint and also granted the motion of defendant Quinn Lumber Company for an order of "preclusion" against plaintiff, is vacated and the complaint reinstated. ¶ Appeal from the order of the Supreme Court, New York County (Whitman, J.), entered January 6, 1983, which denied plaintiff's motion to vacate the order of dismissal and judgment entered August 4, 1982, is dismissed as superseded, without costs. ¶ Plaintiff, a longshoreman, allegedly sustained severe and permanent injuries aboard a vessel owned by defendant Moore McCormack Lines, Inc. (Moore). While walking on the main deck, he allegedly slipped and fell over greasy and oily wires and cables belonging to defendant Quinn Lumber Company (Quinn) that were left lying on the deck. Thereafter, plaintiff retained one Paul A. Gritz to represent him in a compensation case and in an action against the defendants herein which was commenced on or about April 21, 1977. On May 15, 1981, Quinn served Gritz with a notice of discovery and inspection and on May 28, 1981, Moore also served Gritz with a notice for discovery and inspection. Subsequently, both defendants moved in February of 1982 seeking relief due to Gritz's failure to respond to the notices. However, pursuant to orders entered in the Appellate Division, Second Department, Gritz had been suspended from the practice of law effective June 2, 1981 (82 AD2d 814) and his name was stricken from the roll of attorneys effective June 26, 1981. ¶ Since no counsel appeared or submitted papers on behalf of plaintiff, the motions by defendants were granted on default by Special Term, resulting in an order dismissing the complaint against defendant Moore and precluding plaintiff from offering evidence on trial concerning Quinn. ¶ Plaintiff became aware of his counsel's resignation on March 1, 1982, and retained his present counsel on March 10, 1982. Thus, plaintiff was not represented by an attorney from June 2, 1981 until six days after the court's short-form order dated March 4, 1982. ¶ Plaintiff, by his new counsel, moved to vacate the long-form order of June 28, 1982 and final judgment of August 4, 1982, both of which were based on the short-form order of March 4, 1982, on November 3, 1982. Special Term denied this motion in the order of January 6, 1983, as plaintiff "had been represented by new counsel since March 10, 1982." A subsequent motion for renewal and reargument was denied by Special Term in an order of March 25, 1983. ¶ CPLR 321 (subd [c]), entitled "Death, removal or disability of attorney",

states: "If an attorney dies, becomes physically or mentally incapacitated * * * or otherwise becomes disabled at any time before judgment, no further proceeding shall be taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party either personally or in such manner as the court directs." ¶ Plaintiff herein did not know of the disability of his counsel or retain new counsel until after the failure to comply with the discovery notices resulted in the March 4, 1982 order dismissing the complaint as to one defendant and precluding the offering of evidence as to the other. Neither defendant complied with the requirements of CPLR 321 (subd [c]) and therefore the order of March 4, 1982 (and the subsequent long-form order and judgment entered upon it) must be vacated (see *Ardis v Schwartz,* 29 AD2d 559; *Commercial Bank v Foltz,* 13 App Div 603). ¶ In addition, the delay which took place between the retention of present counsel for plaintiff and the time the motion to vacate was made was excusable since counsel would have to acquire files and necessary information from Gritz to effectively enter the litigation. Concur — Sandler, J. P., Ross, Asch, Bloom and Fein, JJ.