◼ MARY BROGAN et al., Respondents, v MARY IMMACULATE HOSPITAL DIVISION OF CATHOLIC MEDICAL CENTER OF BROOKLYN & QUEENS, INC., et al., Defendants, and D. TAYLOR et al., Appellants. [619 NYS2d 325] —In an action to recover damages for medical malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated February 5, 1993, as granted those branches of the plaintiffs' motion which were (1)

to substitute Mary Brogan as executrix of the goods, chattels, and credits that were of Robert Brogan, for Robert Brogan, deceased, (2) to vacate an order of the same court, dated May 23, 1991, dismissing the action and the judgment entered thereon, and (3) to restore the case to the trial calendar.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is undisputed that at the time the court dismissed the action for failure to comply with discovery, the plaintiff Robert Brogan had died and a proper substitution for him had not been made. It is well settled that the death of a party divests the court of jurisdiction to render a judgment until a proper substitution has been made, and that any judgment rendered without a substitution is generally deemed void *(see, Matter of Einstoss,* 26 NY2d 181, 189-190; *Bossert v Ford Motor Co.,* 140 AD2d 480; *Silvagnoli v Consolidated Edison Empls. Mut. Aid Socy.,* 112 AD2d 819; *cf., Nieves v 331 E. 109th St. Corp.,* 112 AD2d 59). Accordingly, the Supreme Court properly vacated the dismissal, and substituted Mary Brogan for Robert Brogan, as his representative.

We note that at the time the court dismissed the action, the plaintiffs' counsel had been disbarred as a result of his conviction on Federal racketeering and conspiracy charges *(see,* Judiciary Law § 90 [4]; *Matter of Reich,* 128 AD2d 329; *Matter of Sugarman,* 64 AD2d 166). This fact, in and of itself, justified the vacatur of the dismissal *(see,* CPLR 321 [c]).

The appellants' remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Santucci, Friedmann and Goldstein, JJ., concur.