■ DEBRA ANN M. McGREGOR, Appellant, v GARY J. McGREGOR, Respondent. [622 NYS2d 995] —Casey, J. Appeal from an order of the Supreme Court (Demarest, J.), entered July 1, 1994 in St. Lawrence County, which denied plaintiff's motion to vacate a judgment of divorce.

CPLR 321 (c) provides that upon the death, removal or disability of an attorney "at any time before judgment, no further proceeding shall be taken in the action against the party for whom [the attorney] appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party". Although CPLR 321 (c) affects the authority of the court to proceed, recent dicta suggests that a violation of CPLR 321 (c) can be waived if a party fails to raise the issue before Supreme Court *(see, Telmark, Inc. v Mills,* 199 AD2d 579, 580). Here, however,

plaintiff moved to vacate the judgment, citing CPLR 5015 (a) (3) and Supreme Court's inherent discretionary power to vacate judgments for good cause shown *(see, McMahon v City of New York,* 105 AD2d 101, 105-106). Included among the grounds for exercising this authority asserted by plaintiff in her motion papers submitted to Supreme Court was the disbarment of her attorney before entry of the judgment. We conclude, therefore, that the issue was adequately raised despite the absence of a specific reference to CPLR 321 (c).

There is undisputed evidence in the record that plaintiff's attorney surrendered her license and was disbarred approximately one month after the parties executed a stipulation which purports to resolve the disputed issues in the parties' divorce action. Approximately one month after plaintiff's attorney was disbarred, Supreme Court entered the judgment prepared and submitted by defendant's attorney, which incorporates the terms of the stipulation. The record reveals no compliance with the leave or notice requirements of CPLR 321 (c). The appropriate remedy for a violation of CPLR 321 (c) is vacatur of the judgment *(see, Brogan v Mary Immaculate Hosp.,* 209 AD2d 663; *Johnson & Sons Enters. v Brighton Commons Partnership,* 171 AD2d 1059, 1060, *lv dismissed* 77 NY2d 990).

Cardona, P. J., Mikoll, Mercure and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and judgment vacated.