■ JAMES FUSCO et al., Appellants, v SHAILYA TAXI CORPORATION et al., Respondents. [700 NYS2d 7] —Order of the Appellate Term of the Supreme Court, First Department, entered on or about September 19, 1997, which granted defendants Shailya Taxi Corporation's (Shailya Taxi) and Shaled Abdeldiem's (Abdeldiem) motion to dismiss plaintiffs' appeal for failure to perfect in accordance with said court's order entered on June 19, 1995, and which denied plaintiffs' cross motion to enlarge the time to perfect, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, plaintiffs' appeal and the cross-appeal of defendant Karen Adler reinstated. Plaintiffs are directed to perfect the appeal by January 31, 2000. No interest from November 1, 1995 to January 31, 2000 shall be granted on any reinstated judgment.

Plaintiffs James Fusco and Bea Montague were injured while riding as passengers in a taxi owned by Shailya Taxi and driven by Abdeldiem. The taxi collided with a vehicle driven by defendant Alfred Adler, since deceased.

Plaintiff Fusco suffered serious personal injuries and commenced an action in 1984. Defendants conceded liability and a trial on damages was held in 1994. The jury returned an award of $1.25 million to plaintiff. The trial court thereafter granted defendants' motion to set aside the verdict as excessive, and ordered a new trial unless plaintiff stipulated to reduce the verdict to $700,000 by November 22, 1994. Plaintiffs appealed the order by Notice dated December 20, 1994. Defendant Adler filed a cross-appeal.

Plaintiff James Fusco purchased the trial transcript in December 1994. Plaintiff's attorney, James Robert Fauci, Esq., did not serve a copy of the transcript upon respondents in accordance with CPLR 5525 (c) (1).

The Appellate Term, by order entered June 19, 1995, granted plaintiffs' application for a stay of a new trial provided their appeal was filed for the October 1995 Term. Prior to the Appellate Term's issuance of the stay, plaintiffs' counsel, James Fauci, died suddenly on May 16, 1995. Plaintiffs did not perfect the appeal by the October 1995 Term, as required.

At the time of his death, Mr. Fauci was a solo practitioner. He had two sons, Anthony and Christopher, both of whom were attending law school. On June 23, 1995, defendant Adler's trial counsel was notified of Mr. Fauci's death by one of the sons. Plaintiff Fusco had also been notified of James Fauci's death and of the sons' attempt to manage the practice. Plaintiff contends that he thought the firm had other attorneys handling his case, and he did not retain either of the sons to represent him in this matter. Plaintiff kept in contact with the Fauci firm periodically inquiring about his case. Plaintiff claims he was misled into believing that work was being done on his case when Anthony Fauci discussed with him its possible settlement.

In the middle of 1997, when no progress was being made on the case, Fusco contacted Harvey Gladstein, Esq., a personal friend, to make inquiry. Mr. Gladstein learned that Christopher had taken over his father's practice in 1997, that an appeal was pending and a brief would be prepared. Later, the Faucis admitted to Gladstein that the appeal had been dismissed for failure to timely perfect. The Faucis then retained Sanford F. Young, Esq. in May 1997 to prosecute the appeal. In August, 1997, defendants, in response to being served with a transcript for settlement purposes, moved to dismiss plaintiffs' appeal predicated on plaintiffs' failure to perfect for two years. Young prepared papers in opposition and cross-moved to enlarge the time to perfect. In the opposition papers, Christopher Fauci affirmed that he thought the appeal was *sub judice*, yet found out otherwise while reviewing the nearly 400 files his father had abruptly left behind.

By order dated September 19, 1997, the Appellate Term dismissed plaintiffs' appeal, noting that "by order of this Court dated June 16, 1995, appellants were directed to perfect the appeal by the October, 1995 term * * * [a]ccordingly, appeal is dismissed". Young moved for reargument, but the Appellate Term, by order dated November 21, 1997, denied reargument,

notwithstanding that Young had annexed a brief to be submitted on appeal.

Plaintiffs' action had been restored to the trial calendar on February 2, 1996, but was "marked off" for plaintiffs' failure to appear. Ultimately, the case was dismissed pursuant to CPLR 3404, for failure to restore the case to the calendar within one year.

Plaintiff Fusco retained his present counsel in January 1998 to move at the Appellate Term and this Court for leave to appeal the Appellate Term's order dismissing the appeal. This Court, by order dated March 31, 1998, granted plaintiffs leave to appeal.

Plaintiffs argue their failure to timely perfect their appeal to the Appellate Term is not fatal because defendants, who were aware of the death of plaintiffs' counsel, failed to serve upon plaintiffs a notice pursuant to CPLR 321 (c), alerting them of the need to obtain replacement counsel. This contention is unpreserved inasmuch as plaintiffs' prior motions before the Appellate Term merely argued excusable default and law office failure. However, we exercise our discretion to review this issue in the interest of justice. In the unusual circumstances presented herein, we find that it was error for the Appellate Term to dismiss plaintiffs' appeal.

It is well settled that if an attorney dies before judgment, there is an automatic stay in the action until 30 days after notice is served upon the client (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C321:3, at 536-537), and the existence of the stay does not depend on whether the other side has notice of the attorney's disability (McLaughlin, Practice Commentaries, *id.*, CPLR C321:3, at 536-537, citing *Kamelhaar v National Transp. Co.*, 176 Misc 1005).

It is undisputed that defendants failed to serve a notice pursuant to CPLR 321 (c). Nonetheless, defendants argue that plaintiffs were not prejudiced because they had knowledge of James Fauci's death soon afterward. Moreover, defendants argue plaintiffs acquiesced in having the sons of James Fauci undertake to represent them on the case before any further proceedings were held.

Both of defendants' arguments are flawed. Plaintiffs were clearly prejudiced when the decedent's then non-attorney sons took no action to prosecute plaintiffs' appeal—believing the same to be *sub judice*—which ultimately resulted in the appeal's dismissal. Moreover, plaintiff Fusco was under the mistaken assumption that his deceased counsel's firm would continue to handle his case. The record is clear that he never

retained the Fauci sons to represent him. Indeed, neither son had even graduated from law school before the appeal was required to be perfected in October 1995.

Plaintiffs are also entitled to vacatur of the default in perfecting the appeal. They have demonstrated a reasonable excuse for the delay, i.e., the death of counsel, and the confusion attendant thereto. They have also clearly demonstrated a meritorious action—one in which defendants have conceded liability.

While defendants cannot claim any hindrance in the preparation of the defense if the appeal is reinstated, the running interest on a reinstated judgment would constitute prejudice to defendants. Therefore, no interest shall be granted on any reinstated judgment from November 1, 1995 to the date the appeal is perfected.

Defendant Adler's right to cross-appeal should also be restored. Concur—Williams, J. P., Tom, Lerner, Rubin and Saxe, JJ.