■ Paul Livore et al., Appellants, v Sajid Malik, Respondent. [760 NYS2d 225] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an or-

der of the Supreme Court, Nassau County (Bucaria, J.), entered July 12, 2002, which denied their motion, in effect, to vacate a prior order of the same court entered April 23, 2001, which granted the defendant's motion to dismiss the complaint pursuant to 22 NYCRR 202.27, upon the plaintiffs' default in opposing the motion, and to vacate a judgment of the same court entered July 26, 2001, thereon.

Ordered that the order entered July 12, 2002, is reversed, on the law, with costs, the motion, in effect, to vacate the order entered April 23, 2001, and the judgment entered July 26, 2001, is granted, the order entered April 23, 2001, and the judgment entered July 26, 2001, are vacated, and the motion to dismiss the complaint pursuant to 22 NYCRR 202.27 is denied.

Shortly after the plaintiffs' original attorney was suspended from the practice of law, the defendant moved to dismiss the complaint pursuant to 22 NYCRR 202.27 based upon the suspended attorney's failure to attend compliance conferences. The motion was served on the suspended attorney and granted without opposition. A judgment dismissing the action was entered thereon.

Upon the plaintiffs' motion, in effect, to vacate the order granting the motion and the judgment entered thereon, the parties acknowledged that they were not aware that the plaintiffs' attorney had been suspended from the practice of law. CPLR 321 (c) provides that, upon the suspension of an attorney for a party, "no further proceeding shall be taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party." The appropriate remedy for violation of CPLR 321 (c) is vacatur of the order and the judgment (see McGregor v McGregor, 212 AD2d 955, 956 [1995]).

The parties' remaining contentions are without merit or need not be addressed in light of our determination. Altman, J.P., Krausman, Goldstein, H. Miller and Crane, JJ., concur.