[790 NYS2d 233]

In the Matter of DENNIS EMIL VOURDERIS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 28, 2005

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated November 12, 2003, containing five charges of professional misconduct. After a prehearing conference on February 17, 2004, and hearings conducted on March 9, March 30, and April 5, 2004, the Special Referee sustained all five charges. The petitioner now moves to confirm the Special Referee's report sustaining all charges and imposing such discipline as the Court deems appropriate. The respondent has neither cross-moved nor submitted any papers in response to the petitioner's motion.

Charge One alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). On or about November 4, 1998, Mouris Zakaria and his father, Yaghoub Zakaria, were involved in a motor vehicle accident in Queens. They retained the respondent to represent them with respect to all claims for personal injury or property damage arising out of the accident. The respondent did not obtain settlements of these claims and failed to commence a personal injury action, causing them to be time-barred.

Charge Two alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by falsely preparing fraudulent documents and giving them to his clients, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]). In or about June 2002, the respondent prepared a summons with notice and complaint with the caption "Yaghoub Zakaria, Mouris Zakaria, Plaintiffs, v Cheng Guo Ming, Defendant." The matter had a fictitious index number from the Supreme Court, Queens County. The respondent backdated the documents to October 1, 2001. In or about June 2002, the respondent gave these fraudulent documents to his clients as proof that he had commenced a lawsuit on their behalf. In fact, the respondent knew that no action had been commenced and that the documents were fraudulent.

Charge Three alleged that the respondent settled claims for legal malpractice with unrepresented clients, without first advising them to seek the advice of independent counsel, in violation of Code of Professional Responsibility DR 6-102 (a) (22 NYCRR 1200.31 [a]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). In or about July 2002, the respondent offered to compensate his clients monetarily for their losses in relation to his legal malpractice and the motor vehicle accident. He failed to advise them to seek the advice of independent counsel about that offer. In or about July 2002 and August 2002, the respondent paid Mouris Zakaria and Yaghoub Zakaria $75,000 each for their losses.

Charge Four alleged that the respondent provided false information and testified falsely in connection with the petitioner's investigation into his conduct, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]). In August 2002, the petitioner received a complaint against the respondent from Mouris Zakaria and directed the respondent to submit a written answer. In his answer dated October 10, 2002, the respondent falsely stated that his associate failed to file suit against the other driver's insurer on a timely basis.

During an investigative session at the petitioner's offices on January 31, 2003, the respondent testified that his paralegal, a law student named Steve Rosen, failed to purchase an index number and file papers for the Zakarias' personal injury action as the respondent had directed him to do in October 2001. In fact, the respondent knew that he had never employed a Steve Rosen and never directed anyone to purchase an index number or file papers for the subject personal injury action.

Charge Five alleged that the respondent failed to file required retainer statements with the Office of Court Administration (hereinafter OCA) in relation to personal injury claims, as required by 22 NYCRR 691.20, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]). When the Zakarias retained the respondent in or about November 1998 to represent them in relation to all claims for personal injury or property damage emanating from the motor vehicle accident on November 4, 1998, the respondent agreed to be compensated for his legal services on a contingency basis. The respondent was to receive one third of any settlement received on the Zakarias' behalf. The respondent failed to file the required retainer statements with respect to those claims.

Based on the evidence adduced, including the respondent's admissions, the Special Referee properly sustained all five charges of the petition. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the petitioner points out that the respondent was issued an admonition in September 2000 for failing to keep a client fully informed about the status of her legal matter, a medical malpractice action, and failing to respond to inquiries from the client's new attorney. In November 1991 the respondent received a letter of caution for failing to reregister with OCA.

At the hearing, the respondent testified in mitigation with respect to the illnesses of his wife and son and his claim that the Zakarias were not hurt financially.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of one year.

PRUDENTI, P.J., FLORIO, RITTER, SANTUCCI and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Dennis Emil Vourderis, is suspended from the practice of law for a period of one year, commencing March 31, 2005, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the one-year period, upon furnishing satisfactory proof that during that period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Dennis Emil Vourderis, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Dennis Emil Vourderis, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).