In an action to recover damages for fraud and to rescind a deed, the defendant Barney Flack appeals (1) from stated portions of an order of the Supreme Court, Richmond County (Fusco, J.), dated April 19, 2011, which, inter alia, denied those branches of his motion which were to vacate two orders of the same court dated June 14, 2004, and December 10, 2004, respectively, and a judgment of the same court entered May 12, 2005, which rescinded the deed and was in favor of the plaintiff and against the defendants in the principal sum of $2,115,831.41, and denied that branch of his motion which was, in effect, to strike a subpoena dated June 24, 2009, and (2), as limited by his brief, from so much of an order of the same court dated September 19, 2011, as, upon renewal and reargument, adhered to the original determination.
Ordered that the appeal from the order dated April 19, 2011, is dismissed, as that order was superseded by the order dated September 19, 2011, made upon renewal and reargument; and it is further,
Ordered that the order dated September 19, 2011, is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof, upon renewal and reargument, adhering to so much of the order dated April 19, 2011, as denied that branch of the motion of the defendant Barney Flack which was to vacate the judgment entered May 12, 2005, and substituting therefor a provision, upon renewal and reargument, vacating that portion of the order dated April 19, 2011, and thereupon, granting that branch of the motion, and (2) by deleting the provision thereof, upon renewal and reargument, adhering to so much of the order dated April 19, 2011, as denied that branch of the motion of the defendant Barney Flack which was, in effect, to strike the subpoena dated June 24, 2009, and substituting therefor a provision, upon renewal and reargument, vacat *718 ing that portion of the order dated April 19, 2011, and thereupon granting that branch of the motion; as so modified, the order dated September 19, 2011, is affirmed insofar as appealed from, the judgment entered May 12, 2005, is vacated, and the matter is remitted to the Supreme Court, Richmond County, for a new inquest on the issue of damages, and the entry of an appropriate judgment thereafter; and it is further,
Ordered that one bill of costs is awarded to the defendant Barney Flack.
In June 2003, the plaintiff’s decedent, Mary V McGovern, commenced this action against the defendants Barney Flack and Scott Kessler to recover damages for fraud and to rescind a deed dated January 15, 1991. By order dated June 14, 2004, the Supreme Court struck the defendants’ answer pursuant to 22 NYCRR 202.27 for failure to appear at a calendar call and failure to provide discovery as required by court order, and set the matter down for an inquest and the assessment of damages before a Judicial Hearing Officer (hereinafter JHO). A supplemental order was issued on December 10, 2004, designating a JHO to, inter alia, hear and determine as to the inquest and assessment of damages. Thereafter, an inquest on damages was held on February 18, 2005, and April 7, 2005. The defendants did not appear at the inquest. Prior to the conclusion of the inquest, the defendants’ attorney was suspended from the practice of law effective March 31, 2005 (see Matter of Vourderis, 15 AD3d 72 [2005]). On April 7, 2005, a memorandum order was issued by the JHO rescinding the subject deed and awarding McGovern the principal sum of $2,115,831.41, which included an award of $1,000,000 in punitive damages. On May 12, 2005, a judgment was entered upon the order dated April 7, 2005. The judgment rescinded the deed and was in favor of McGovern and against the defendants in the principal sum of $2,115,831.41.
In September 2005, Kessler moved pro se to vacate the judgment insofar as asserted against him, but he subsequently withdrew the motion. In November 2007, McGovern died and her nephew Lawrence Soldovieri was appointed the executor of her estate. Kessler died in 2009.
By order to show cause dated December 1, 2010, Flack moved, inter alia, to vacate the orders dated June 14, 2004, and December 10, 2004, respectively, and the judgment entered May 12, 2005. Flack argued that the judgment should be vacated because, among other things, it was entered when there was a stay in effect pursuant to CPLR 321 (c), due to his attorney’s suspension. In an order dated April 19, 2011, the Supreme Court *719 denied Flack’s motion. By order dated September 19, 2011, the Supreme Court granted Flack’s motion for leave to renew and reargue, and upon renewal and reargument, adhered to its original determination.
The Supreme Court properly denied those branches of Flack’s motion which were to vacate the orders entered June 14, 2004, and December 19, 2004, respectively, pursuant to CPLR 5015 (a) (1) and (3). Flack failed to demonstrate a reasonable excuse for the default (see CPLR 5015 [a] [1]), and failed to establish that McGovern procured the orders by fraud, misrepresentation, or other misconduct (see CPLR 5015 [a] [3]; Wells Fargo Bank N.A. v Hornes, 94 AD3d 755 [2012]).
However, the Supreme Court erred in denying that branch of Flack’s motion which was pursuant to CPLR 5015 (a) to vacate the judgment entered May 12, 2005. CPLR 321 (c) provides, in pertinent part, that if an attorney is “suspended or otherwise becomes disabled at any time before judgment, no further proceeding shall be taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party either personally or in such manner as the court directs.” “CPLR 321 (c) brings about an automatic stay of the action,” and “[i]t lies within the power of the other side to bring the stay to an end by serving a notice on the affected party to appoint new counsel within 30 days” (Moray v Koven & Krause, Esqs., 15 NY3d 384, 389 [2010] [internal quotation marks omitted]).
Here, the action was automatically stayed pursuant to CPLR 321 (c) on March 31, 2005, the date when Flack’s attorney was suspended from the practice of law. It is undisputed that McGovern “never acted to lift the stay by serving a notice upon [Flack] to appoint new counsel within 30 days” (Moray v Koven & Krause, Esqs., 15 NY3d at 389). Therefore, the Supreme Court should have granted that branch of Flack’s motion which was to vacate the judgment entered May 12, 2005, pursuant to CPLR 5015 (a) in the interests of substantial justice (see id.; Stasiak v Forlenza, 84 AD3d 1214, 1217 [2011]; Galletta v Siu-Mei Yip, 271 AD2d 486, 486 [2000]; McGregor v McGregor, 212 AD2d 955, 956 [1995]; Chavoustie v Shaad, 133 AD2d 532 [1987]). In light of our vacatur of the judgment, the subpoena dated June 24, 2009, issued in connection therewith, must be stricken. Accordingly, we modify the order dated September 19, 2011, grant that branch of Flack’s motion which was to vacate the judgment entered May 12, 2005, and remit the matter to the Supreme Court, Richmond County, for a new inquest on the *720 issue of damages, and the entry of an appropriate judgment thereafter.
Flack’s remaining contentions either are without merit or need not be reached in light of our determination. Balkin, J.E, Leventhal, Roman and Hinds-Radix, JJ., concur.