Wells Fargo Bank, N.A. v Kurian (2021 NY Slip Op 04509)





Wells Fargo Bank, N.A. v Kurian


2021 NY Slip Op 04509


Decided on July 21, 2021


Appellate Division, Second Department


Dillon, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2019-08581
 (Index No. 11648/12)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Seema Kurian, appellant, et al., defendant.



APPEAL by the defendant Seema Kurian, in an action to foreclose a mortgage, from an order of the Supreme Court (Thomas D. Raffaele, J.), entered November 28, 2018, in Queens County. The order denied the motion of the defendant Seema Kurian, inter alia, to stay the foreclosure sale of the subject property and to vacate an order and judgment of foreclosure and sale (one paper) of the same court dated January 31, 2017.



Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Daria M. Gold of counsel), for respondent.



DILLON, J.


OPINION & ORDER
This appeal presents a simple issue involving the straightforward provisions of CPLR 321(c), but in a factual posture that is of first impression in the Second Department. The initial attorney representing the defendant Seema Kurian (hereinafter the defendant) was suspended from the practice of law, which triggered the automatic stay provision of CPLR 321(c). Here, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant without first serving a CPLR 321(c) notice to appoint new counsel. Nonetheless, new counsel appeared for the defendant and opposed the motion. The novel question presented is whether noncompliance with the notice provision of CPLR 321(c) at the time a motion is made renders the Supreme Court's determination of the motion unenforceable. For reasons that follow, we hold that under such circumstances, the defendant waived the protective provisions of CPLR 321(c).
The underlying facts of this appeal are typical of many residential mortgage foreclosure actions in New York. On June 1, 2012, the plaintiff commenced this action against the defendant, among others, by the filing of a summons and complaint, alleging that the defendant had defaulted on the note secured by the mortgaged premises.
On July 2, 2012, the defendant, represented by counsel, interposed an answer with counterclaims. Eight months later, on March 12, 2013, the defendant's attorney was suspended from the practice of law. The suspension of counsel had the effect of automatically staying the action by operation of CPLR 321(c). According to the plaintiff, the defendant failed to notify the parties or the Supreme Court of her attorney's suspension from the practice of law.
CPLR 321(c) consists of one sentence. It provides:
"If an attorney dies, becomes physically or mentally incapacitated, or is removed, suspended or otherwise becomes disabled at any time before judgment, no further proceeding shall be taken in the action [*2]against the party for whom he [or she] appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party either personally or in such manner as the court directs."
Approximately one year passed from the defendant's attorney's suspension from the practice of law. The plaintiff, perhaps not knowing of the suspension of the defendant's attorney, never served upon the defendant any notice that a new attorney be appointed to act on her behalf. On April 8, 2014, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. A mere six days later and prior to the motion's return date, new counsel appeared on behalf of the defendant. Indeed, on June 5, 2014, the defendant's new counsel served papers opposing the plaintiff's motion, and cross-moved to dismiss the complaint insofar as asserted against the defendant on the ground that the defendant never signed a loan modification agreement underlying her alleged default in payments.
In an order dated October 10, 2014, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment and denied the defendant's cross motion to dismiss. The defendant thereafter filed a pro se notice of appeal from the order, but the appeal was never perfected.
The defendant's third counsel appeared on July 20, 2016. In an order and judgment of foreclosure and sale dated January 31, 2017, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for a judgment of foreclosure and sale and directed the sale of the subject property.
On October 26, 2017, the defendant moved by order to show cause, inter alia, to stay the foreclosure sale and to vacate the order and judgment of foreclosure and sale. The defendant argued that since the automatic stay of CPLR 321(c) was in effect on the date that the plaintiff filed its initial motion, inter alia, for summary judgment and for an order of reference, the motion was invalid, and any orders predicated upon those papers were null and void. The Supreme Court denied the defendant's motion in the order appealed from, entered November 28, 2018.
We affirm.
There are times in litigation when a party's attorney dies, becomes physically or mentally incapacitated, is removed or suspended from the practice of law, or otherwise becomes disabled. These events occur through no fault of the party. Professor Vincent C. Alexander has summarized the disabling events within the scope of CPLR 321(c) as circumstances of force majeure (see Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C321:3).
Here, the defendant's loss of counsel was occasioned by the attorney's suspension from the practice of law. The number of attorneys who are suspended from practicing law is, thankfully, limited. However, when it occurs, as with an attorney's death, incapacitation, removal from an action, or other disability, CPLR 321(c) protects the client by automatically staying the action from the date of the disabling event. The obvious purpose of the stay is to vest the party who has lost counsel with a reasonable opportunity to obtain new counsel before further proceedings are taken (see Moray v Koven & Krause, Esqs., 15 NY3d 384, 389; Matter of Cassini, 182 AD3d 13, 41; Hendry v Hilton, 283 App Div 168, 171; Franklin Natl. Bank v Lake Credit Corp., 58 Misc 2d 981, 982 [Sup Ct, Nassau County]) and thereby avoid prejudice that might conceivably arise from the absence of counsel in the interim (see Fusco v Shailya Taxi Corp., 267 AD2d 86, 88). Orders or judgments that are rendered in violation of the stay provisions of CPLR 321(c) must be vacated (see Duandre Corp. v Golden Krust Caribbean Bakery & Grill, 140 AD3d 481; Soldovieri v Flack, 106 AD3d 717, 719; Galletta v Sui-Mei Yip, 271 AD2d 486; McGregor v McGregor, 212 AD2d 955, 956; Brogan v Mary Immaculate Hosp. Div. of Catholic Med. Ctr. of Brooklyn & Queens, 209 AD2d 663, 664; Feola v Moore McCormack Lines, 101 AD2d 784, 784-785).
The express language of CPLR 321(c) sets no particular time limit to the stay of proceedings that is automatically triggered by a qualifying event. Of course, the shield of a stay should not be used as an indefinite sword against any continuation of the action. CPLR 321(c) therefore provides any adversary party with a mechanism for lifting a stay—by serving a notice upon the nonrepresented party to obtain a new attorney. The notice is to be served personally or in such other manner as the court directs (see CPLR 321[c]). Once the notice contemplated by CPLR 321(c) is properly served (see Matter of Allstate Ins. Co. v Phillips, 128 AD2d 518, 519), the automatic stay of the action remains in effect for another 30 days, but is then lifted upon the expiration of that period. Thus, there are actually two ways in which a CPLR 321(c) stay may be lifted. One way is [*3]if the party that lost its counsel retains new counsel at its own initiative, or otherwise communicates an intention to proceed pro se (see Small Bus. Admin. v Mills, 203 AD2d 654, 655; Telmark, Inc. v Mills, 199 AD2d 579, 580-581). The second way is by means of the above-described notice procedure pursuant to CPLR 321(c) (see Matter of Cassini, 182 AD3d at 41; Leonard Johnson & Sons Enters. v Brighton Commons Partnership, 171 AD2d 1059, 1060; Carder v Ramos, 163 AD2d 732, 733).
Here, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference on April 8, 2014, at a time when no event allowing for the lifting of the CPLR 321(c) stay had yet occurred. No new attorney had yet appeared on behalf of the defendant, and there is no indication that the defendant had elected to proceed pro se in the action during that time. Moreover, the plaintiff moved for summary judgment without having served a CPLR 321(c) notice demanding the appointment of new counsel and without abiding by the statutorily mandated 30-day waiting period that follows the notice.
Nevertheless, the defendant's new counsel formally appeared in the action six days after the plaintiff's summary judgment motion was filed, submitted papers in opposition to that motion, and cross-moved to dismiss the complaint insofar as asserted against the defendant, all within the original or adjusted briefing schedule. The defendant's opposition papers and cross motion were considered by the Supreme Court on the merits. As a result, the protection afforded to parties under CPLR 321(c) when attorneys die or are incapacitated, removed, suspended, or otherwise disabled was no longer necessary or relevant, as the defendant had obtained counsel who timely opposed the plaintiff's summary judgment motion and who sought affirmative relief by means of a cross motion to dismiss the complaint. The appearance and activities of the defendant's new counsel operated, in effect, as a waiver of the protections otherwise afforded to the defendant by CPLR 321(c) (cf. Elmhurst Iron Works v Alfieri Gen. Contr. Co., 45 AD2d 971, 972).
Waiver has long been defined as the voluntary and intentional relinquishment of a known right (see Clark v West, 193 NY 349, 360). It is a doctrine of general application confined to "no particular class of cases" but which "implies an election to dispense with something of value, or forego some advantage which the party waiving it might at its option have demanded or insisted upon" (id. at 360). Here, the defendant retained new counsel while the CPLR 321(c) stay of proceedings was in effect, and timely opposed the plaintiff's motion for summary judgment. Under such circumstances, the defendant elected to forego the protections afforded by CPLR 321(c).
Therefore, we hold that even in the absence of service of a notice to appoint new counsel upon the unrepresented party as procedurally required by CPLR 321(c), a continuing stay under the statute may be waived by the unrepresented party's affirmative conduct of retaining new counsel, effective as of the time that new counsel formally appears in an action. Here, since the defendant's waiver of the stay occurred before her opposition papers were due in response to the plaintiff's motion, inter alia, for summary judgment and for an order of reference, the fact that the plaintiff filed its motion on an earlier date, when the stay was still in effect, is of no moment. Further, in regards to the suspension of the original attorney of record, the defendant's opposition papers and cross motion did not include any argument, at that time, that the motion before the Supreme Court violated the stay provisions of CPLR 321(c), further bolstering our conclusion that any issue regarding the existence of a stay had been waived (see Matter of Cassini, 182 AD3d 53).
The facts of this appeal are distinguishable from Livore v Malik (305 AD2d 641), as relied upon by the defendant. In Livore, the Supreme Court granted a defendant's unopposed motion for summary judgment when neither the court nor the parties were aware that the plaintiff's attorney had been suspended from the practice of law. This Court held that an order and a judgment of the Supreme Court must be vacated, as they were entered in violation of CPLR 321(c) (see Livore v Malik, 305 AD2d at 641). In Livore, an order and a judgment were entered in violation of CPLR 321(c) while the action was stayed, whereas here, the appearance and participation of the defendant's new counsel operated as a waiver of the statutory stay. Thus, Livore does not control the result here.
The defendant failed to provide a record that is adequate for us to conduct meaningful review of her contention regarding the vacatur of an interlocutory order of dismissal by a justice of coordinate jurisdiction (see South Point, Inc. v Rana, 139 AD3d 935, 936; Cohen v Wallace & Minchenberg, 39 AD3d 689, 689-690). The defendant's remaining contentions are without merit.
Accordingly, the order is affirmed.
LASALLE, P.J., HINDS-RADIX and BARROS, JJ., concur.
ORDERED that the order is affirmed, with costs.
ENTER:
Aprilanne Agostino
Clerk of the Court