■ DEBRA CIPRIANO et al., Respondents, v BENITO D. RISH et al., Appellants.—Order, Supreme Court, New York County (George Bundy Smith, J.), entered April 22, 1985, which granted defendants' motion to dismiss the complaint unless the plaintiffs served and filed a note of issue by May 31, 1985, unanimously modified, on the law and the facts and in the exercise of discretion, to strike the condition and thereby unconditionally dismiss the complaint, and otherwise affirmed, without costs. The appeal from an order, Supreme Court, New York County (Helen E. Freedman, J.) entered November 16, 1984, is dismissed as superseded by the appeal from the order of April 22, 1985.

This personal injury action in which plaintiffs seek damages for medical malpractice allegedly committed by the defendants in 1975 was commenced by service of a summons with notice in 1977. A verified complaint was served in May 1978 and issue was joined by service of a verified answer in June 1978.

At a precalendar conference in Special Term Part 8A on April 22, 1982, Justice Parness directed the plaintiffs to file a note of issue and certificate of readiness by September 16, 1982. Upon the plaintiffs' failure to comply with this directive, defendants moved to dismiss and Justice McCooe granted the motion on default. Plaintiffs moved by order to show cause to vacate the default and Justice Louis Kaplan granted that motion and directed that a further precalendar conference be

held on May 21, 1984. On that date the plaintiffs did not appear and the action was marked off the calendar.

Defendants again moved to dismiss the complaint, but this motion was denied by Justice Helen Freedman, who instead directed a further conference on July 18, 1984 in Special Term Part 8A "to consider sanctions, if appropriate, to be imposed upon the plaintiffs." The plaintiffs failed to appear at this conference, whereupon Justice Freedman dismissed the action. When defendants then moved for judgment in their favor pursuant to the dismissal in open court, plaintiffs appeared and opposed the motion. Justice Freedman, by order entered on November 16, 1984, denied the motion but directed the plaintiffs' attorney to pay $500 costs, comply with any outstanding discovery requests within 30 days, and place the action on the calendar by January 31, 1985. This is the first order appealed from.

Plaintiffs did not timely tender the costs, requiring defendants to make yet another motion, which was denied while defendants were directed to accept belated payment as timely.

Plaintiffs did complete the outstanding discovery pursuant to Justice Freedman's order, but they did not place the action on the Trial Calendar, as directed.

Defendants therefore moved to dismiss for failure to comply with Justice Freedman's order and all the prior orders. Justice Smith granted this motion only conditionally unless plaintiffs timely served and filed a note of issue, the deadline for which Justice Smith extended until May 31, 1985.

We have detailed the protracted pattern of delay and noncompliance with numerous court orders to demonstrate the laxity with which plaintiffs have prosecuted this action and their flagrant disregard of directives of the court and of orderly practice.

While our policy generally favors the disposition of matters on the merits, the conduct of the plaintiffs here in defaulting or disobeying no less than six orders and directives of the various Justices of the court, borders on the contumacious and cannot be countenanced. This is especially so where on each attempt to excuse a default, plaintiffs have failed to include a showing as to the merit of the underlying claim. Concur—Sandler, J. P., Milonas, Kassal, Rosenberg and Ellerin, JJ.