■ EILEEN GALLETTA, Respondent, v SIU-MEI YIP et al., Appellants. [705 NYS2d 409] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated April 5, 1999, which denied their motion to vacate a judgment of the same court dated November 3, 1997, entered upon their default in appearing at trial.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the judgment dated November 3, 1997, is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The defendants contend that the judgment at issue was entered in violation of CPLR 321 (c). The plaintiff argues that this contention should not be considered because it is raised for the first time on appeal. We disagree with the plaintiff. The defendants' brief does not allege any new facts, but merely raises a legal argument which could not have been avoided by the plaintiff had it been raised in the Supreme Court. Thus, the argument raised by the defendants may be considered for the first time on appeal (see, Matter of Cooke v City of Long Beach, 247 AD2d 538).

Turning to the merits, the plaintiff failed to comply with the notice requirements of CPLR 321 (c), which provide that where an attorney "is removed, suspended or otherwise becomes disabled at any time before judgment, no further proceeding shall be taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party, either personally or in such manner as the court directs". Since the judgment entered upon the defendants' default in appearing at trial was obtained without the plaintiff's compliance with CPLR 321 (c), it must be vacated (see, Matter of Allstate Ins. Co. v Phillips, 128 AD2d 518).

The plaintiff's remaining contention is without merit.

Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.