[938 NE2d 980, 912 NYS2d 547]

JOSEPH MORAY, Appellant, v KOVEN & KRAUSE, ESQS., Respondent.

Argued September 16, 2010; decided October 26, 2010

**POINTS OF COUNSEL**

*Kathy M. Lynch & Associates,* New York City (*Ronald Cohen* of counsel), for appellant. I. The statutory stay under CPLR 321 (c) barred ruling on Koven's motion. (*Carder v Ramos,* 163 AD2d 732; *Firemen's Fund Ins. Co. v Dietz,* 110 AD2d 1083; *Elmhurst Iron Works v Alfieri Gen. Contr. Co.,* 45 AD2d 971; *Wisniewski v Wisniewski,* 149 AD2d 965; *Maldonado v Law Off. of Mary A. Bjork,* 64 AD3d 425; *Marte v Graber,* 58 AD3d 1.) II. Koven's failure to serve the notice and demand and the notice of motion failed to invoke the court's jurisdiction. (*Mathews v Eldridge,* 424 US 319; *Matter of Quinton A.,* 49 NY2d 328; *Matter of MRC Receivables Corp. v Taylor,* 57 AD3d 1000; *Matter of Gauthier,* 59 AD3d 148; *Schuck v 7309 Corp.,* 90 AD2d 828; *Marte v Graber,* 58 AD3d 1.)

*Steinberg & Cavaliere, LLP,* White Plains (*Ronald W. Weiner* of counsel), for respondent. I. The Appellate Division correctly held that the trial court providently exercised its discretion in

granting defendant's motion to dismiss the action. (*Brown v Hannaford Bros. Co.*, 27 AD3d 815; *Rodriguez v MC Bldrs., Inc.*, 18 AD3d 262; *Balgley v Cammarata*, 299 AD2d 432; *Amodeo v Gellert & Quartararo, P.C.*, 26 AD3d 705; *Stout v Heyer*, 40 AD3d 743; *Manhattan King David Rest. v Nathanson*, 269 AD2d 297; *Kel Mgt. Corp. v Rogers & Wells*, 64 NY2d 904; *A & J Concrete Corp. v Arker*, 54 NY2d 870.) II. The Appellate Division properly held that plaintiff's arguments under CPLR 321 (c) were raised for the first time on appeal and not before that court. (*Misicki v Caradonna*, 12 NY3d 511; *Nationwide Ins. Co. v New York Lighter Co., Inc.*, 68 AD3d 950; *Honique Accessories, Ltd. v S.J. Stile Assoc., Ltd.*, 67 AD3d 481; *Lowe's Home Ctrs., Inc. v Beachy's Equip. Co., Inc.*, 49 AD3d 1213; *Small Bus. Admin. v Mills*, 203 AD2d 654; *Telmark, Inc. v Mills*, 199 AD2d 579.) III. The trial court was not divested of jurisdiction upon the suspension of plaintiff's attorney. (*Lacks v Lacks*, 41 NY2d 71; *Copeland v Salomon*, 56 NY2d 222; *Nuernberger v State of New York*, 41 NY2d 111; *Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159; *Matter of Fry v Village of Tarrytown*, 89 NY2d 714; *Matter of Adam S.*, 285 AD2d 175; *Freccia v Carullo*, 93 AD2d 281.) IV. The trial court did not improvidently exercise its discretion when it heard and granted defendant's motion to dismiss following the suspension of plaintiff's attorney. (*Buckeye Retirement Co., LLC, Ltd. v Quattrocchi*, 67 AD3d 848; *Marte v Graber*, 58 AD3d 1; *Matter of MRC Receivables Corp. v Taylor*, 57 AD3d 1000; *Sangiacomo v County of Albany*, 302 AD2d 769; *Schuck v 7309 Corp.*, 90 AD2d 828; *Hendry v Hilton*, 283 App Div 168; *Franklin Natl. Bank v Lake Credit Corp.*, 58 Misc 2d 981; *Comptroller of State of N.Y. v Avon Assoc.*, 58 AD2d 752; *Amari v Molloy*, 180 Misc 2d 664.)

**OPINION OF THE COURT**

Read, J.

On December 31, 2007, plaintiff Joseph Moray commenced this action for legal malpractice, breach of contract and professional negligence against defendant Koven & Krause, Esqs. by filing a summons with notice, which identified Warren Goodman, Esq. as plaintiff's attorney. The summons with notice was apparently served on defendant on February 5, 2008.

On February 25, 2008, defendant served Goodman with a notice of appearance and a demand for a complaint. When the demand did not prompt a response, defendant on April 22, 2008 moved to dismiss the action pursuant to CPLR 3012 (b).

By letter dated May 6, 2008, attorney Preston Leschins informed defendant's professional liability insurance carrier

that his office had been "consulted" by plaintiff "in connection with" plaintiff's claim "with a view towards substituting for" Goodman. The letter characterized Goodman as plaintiff's "former counsel" who was "no longer practicing law." Leschins asked for "the opportunity to speak with" the carrier about "resolution [of the matter] in an amicable fashion," and at the carrier's "earliest convenience." Plaintiff was copied on this letter.

On May 23, 2008—the motion's return date—defendant's counsel had a conversation with Goodman, "who advised that he had been suspended from the practice of law months earlier"; at Goodman's request, defendant's counsel agreed to adjourn the motion to dismiss until June 13, 2008. Later that day, he spoke to Leschins, "who confirmed that he had consulted with plaintiff weeks earlier," but "refused to state whether he would be appearing as attorney for plaintiff" in the lawsuit.

On or near the adjourned return date, Goodman—indicating that he was mindful that his license had been "suspended on or about January 24, 2008" and was therefore "being careful not to practice law"—submitted a "factual" affidavit in opposition to the motion to dismiss. Styling himself as plaintiff's "former attorney," Goodman stated that he had "advised [his] former client in writing of [his] situation and told him to get new counsel"; however, he did not say when he did this. Goodman further represented that he "[understood] that [plaintiff had] been diligently pursuing new counsel," but had "not yet retained a new attorney" and was "still continuing to look for a new lawyer."

Goodman explained that the summons with notice was served after his suspension because it had been given to the process server beforehand; he annexed to his affidavit a draft complaint that he claimed to have prepared prior to his suspension. The draft complaint alleged that defendant's predecessor law firm had represented plaintiff "in a lawsuit involving [his] efforts to purchase real property in Yonkers, NY," which was dismissed pursuant to CPLR 3216 for want of prosecution. Goodman asked the court to deny defendant's motion "in the interests of justice," and to grant plaintiff 30 days to finalize the complaint with a new attorney.

On June 19, 2008, Supreme Court granted the motion and dismissed the action for nonservice of the complaint, observing that plaintiff had neither demonstrated a meritorious cause of

action nor proffered a reasonable excuse for his default, as was required in order to forestall dismissal under CPLR 3012 (b). The judge noted that plaintiff had neglected to submit an affidavit of merits; further, although plaintiff had "learned from Mr. Goodman on or about the end of January, 2008 of Mr. Goodman's suspension and plaintiff's need to retain new counsel," he did not make "any efforts to retain new counsel before the lapsing of the statutory period during which [he] was required to serve his complaint." Finally, Supreme Court declined to allow plaintiff a brief period of time to retain new counsel on the ground he had already enjoyed a grace period of "approximately five months after his first having been [apprised] by Mr. Goodman of his need to do [this]."[1]

On appeal, plaintiff was represented by counsel. His new attorney invoked CPLR 321 (c), which mandates that

> "[i]f an attorney dies, becomes physically or mentally incapacitated, or is removed, suspended or otherwise becomes disabled at any time before judgment, no further proceeding shall be taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party either personally or in such manner as the court directs."

On May 12, 2009, the Appellate Division affirmed Supreme Court's order, concluding that the trial court "did not improvidently exercise its discretion in granting the defendant's motion to dismiss the action" (62 AD3d 765, 765 [2d Dept 2009]). The court observed that because "plaintiff's contention that the action was stayed pursuant to CPLR 321 (c) [was] raised for the first time on appeal," it "[was] not properly before [the Appellate Division]." (*Id.*) We subsequently granted plaintiff permission to appeal, and now reverse.

The command of CPLR 321 (c) is straightforward: if an attorney becomes disabled, *"no further proceeding* shall be taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party either

---

1. As noted previously, the record reveals that Goodman was suspended from the practice of law in late January 2008, but not the date when Goodman advised plaintiff of the suspension, or whether or when plaintiff may have otherwise learned about Goodman's disability.

personally or in such manner as the court directs" (emphasis added). As the Practice Commentaries explain, CPLR 321 (c) brings about "an automatic stay of the action," which "goes into effect with respect to the party for whom the [disabled] attorney appeared" (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C321:3, at 183).[2] As a result,

> "[d]uring the stay imposed by CPLR 321(c), no proceedings against the party will have any adverse effect. It lies within the power of the other side to bring the stay to an end by serving a notice on the affected party to appoint new counsel within 30 days . . . If, at the end of the period, the party has failed to obtain new counsel (or elected to proceed pro se), the proceedings may continue against the party" (id.).

The stay is meant to "afford a litigant, who has, through no act or fault of his own, been deprived of the services of his counsel, a reasonable opportunity to obtain new counsel before further proceedings are taken against him in the action" (*Hendry v Hilton*, 283 App Div 168, 171 [2d Dept 1953] [discussing Civil Practice Act § 240, the predecessor statute to CPLR 321 (c)]).

■ This lawsuit was automatically stayed by operation of CPLR 321 (c) on January 24, 2008, the date when plaintiff's attorney was suspended from the practice of law. Defendant never acted to lift the stay by serving a notice upon plaintiff to appoint new counsel within 30 days. Thus, Supreme Court's order dismissing the action must be vacated (*see e.g. Galletta v Siu-Mei Yip*, 271 AD2d 486, 486 [2d Dept 2000] ["Since the judgment entered upon the defendants' default in appearing at trial was obtained without the plaintiff's compliance with CPLR 321 (c), it must be vacated"]; *McGregor v McGregor*, 212 AD2d 955, 956 [3d Dept 1995] ["The record reveals no compliance with the leave or notice requirements of CPLR 321 (c). The appropriate remedy for a violation of CPLR 321 (c) is vacatur of the judgment"]).

Defendant resists this outcome on two grounds. First, he points out that CPLR 321 (c) permits further proceedings by "leave of the court." Defendant contends that Supreme Court exercised this "express statutory authority to hear and grant

---

**2.** Plaintiff suggests that Supreme Court "lost jurisdiction" upon Goodman's suspension; however, the statute says that the disability of a party's attorney creates an automatic stay—not that it divests the court of jurisdiction.

defendant's motion to dismiss after [Goodman] was suspended from the practice of law." The drafter's notes on CPLR 321 (c), however, state that the words "without leave of the court" were "designed to allow the court to vary the [30-day] rule in cases where the stay of proceedings would produce undue hardship to the opposing party, as where the time to take an appeal or other action would run or where a provisional remedy is sought and speed is essential" (4th Preliminary Rep of Advisory Comm on Prac and Pro, 1960 NY Legis Doc No. 20, at 191). No remotely comparable situation existed at the time Supreme Court dismissed this action. Moreover, Supreme Court did not mention CPLR 321 (c), much less articulate a basis for exercising its discretion to relax the 30-day notice requirement.

Second, defendant argues that plaintiff is foreclosed from bringing up CPLR 321 (c) for the first time on appeal, as the Appellate Division concluded. While we do not as a general rule resolve cases on grounds not raised in the trial court, the context here is unusual. We are dealing with a statute intended to protect litigants faced with the unexpected loss of legal representation. And there is no indication in this record that plaintiff sought to raise CPLR 321 (c) only after having conducted his lawsuit pro se for some period of time after his attorney became disabled (cf. Telmark, Inc. v Mills, 199 AD2d 579, 580-581 [3d Dept 1993]). As a general rule, unrepresented litigants should not be penalized for failing to alert a trial court to the existence of an automatic stay created for the very purpose of safeguarding them against adverse consequences while they are unrepresented. And as the Practice Commentaries point out, all it takes to end the automatic stay is service of a 30-day notice on the affected party.

Accordingly, the order of the Appellate Division should be reversed, with costs, the complaint reinstated, and the case remitted to Supreme Court for further proceedings in accordance with this opinion.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, SMITH, PIGOTT and JONES concur.

Order reversed, etc.