*572 Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered April 4, 2013, which, to the extent appealed from as limited by the briefs, granted defendants’ motion to vacate orders of the same court and Justice, entered December 7, 2012 and March 6, 2013, dismissing defendants’ counterclaims and granting plaintiffs’ motion to strike defendants’ answer based on defendants’ failure to appear at a compliance conference scheduled for December 6, 2012, unanimously affirmed, without costs.
The uncontested facts establish that defendants’ counsel was disbarred during the pendency of this action, resulting in an automatic stay of the proceeding against defendants until thirty days after notice to appoint another attorney was served on them (CPLR 321 [c]; Moray v Koven & Krause, Esqs., 15 NY3d 384, 388-389 [2010]). The court’s order of October 25, 2012, directing defendants to appear with or by counsel on December 6, 2012, did not constitute “notice to appoint another attorney” within the meaning of CPLR 321 (c), since it did not put defendants on notice that they were required to find new counsel. Accordingly, the statutory 30-day period never began to run and the automatic stay was in place when the December 6, 2012 conference was held, when the court dismissed defendants’ counterclaims, and when it struck defendants answer. Thus, the court properly granted defendants’ motion to vacate these orders. Contrary to plaintiffs’ argument, no affidavit of merit was required by defendants (see Moray, 15 NY3d at 389).
Defendants’ argument that the order denying their request to depose certain non-party witnesses is not properly before this Court since defendants did not appeal from the order (see CPLR 5515; Hecht v City of New York, 60 NY2d 57, 61-62 [1983]). Concur — Mazzarelli, J.E, Acosta, Moskowitz, Manzanet-Daniels and Gische, JJ.