■ DUANDRE CORPORATION et al., Respondents, v GOLDEN KRUST CARIBBEAN BAKERY & GRILL et al., Defendants, and ROLSTON WALTIN, Appellant. [31 NYS3d 884]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about October 10, 2014, which, to the extent appealed from as limited by the briefs, denied defendant Rolston Waltin's motion to vacate a default judgment entered against him on November 22, 2013, unanimously reversed, on the law and the facts, without costs, and the motion granted.

The suspension of defendant's counsel during the pendency of this action resulted in an automatic stay of the proceedings against defendant until thirty days after notice to appoint another attorney was served upon him, or until the court granted leave to resume proceedings (CPLR 321 [c]; *Moray v Koven & Krause, Esqs.*, 15 NY3d 384, 388-390 [2010]). Because there was no compliance with the leave or notice requirements of CPLR 321 (c), and the record demonstrates that defendant did not retain new counsel until February 2014, the automatic stay was in place when the November 22, 2013 judgment was entered based upon defendant's default. Accordingly, the judgment must be vacated. Defendant's failure to invoke CPLR 321 (c) until submission of his reply papers on his motion does not result in a waiver of his argument (*Moray*, 15 NY3d at 390). Nor was he required to submit an affidavit of merit (*Scirica v Colantonio*, 111 AD3d 571, 572 [1st Dept 2013]). Concur—Mazzarelli, J.P., Acosta, Saxe, Kapnick and Kahn, JJ.