HP Bailey Avenue, LLC, Petitioner-Landlord-Appellant, 
against
Olga T. Gilmartin, Respondent-Tenant-Appellant.



Tenant appeals from an order of the Civil Court of the City of New York, Bronx County (Miriam M. Breier, J.), dated October 12, 2017, which denied her motion to vacate a default final judgment in a holdover summary proceeding.




Per Curiam.
Order (Miriam M. Breier, J.), dated October 12, 2017, reversed, with $10 costs, motion granted, default final judgment vacated, and matter remanded to Civil Court for further proceedings on the holdover petition.
The uncontested facts establish that tenant's counsel was disbarred during the pendency of this holdover proceeding (see Matter of Bianchi, 151 AD3d 55 [2017]), resulting in an automatic stay of the proceeding until thirty days after notice to appoint another attorney was served on her (CPLR 321[c]; see Moray v Koven & Krause, Esqs., 15 NY3d 384, 388-390 [2010]; Scirica v Colantonio, 111 AD3d 571, 572 [2013]). Because there was no compliance with the notice requirements of CPLR 321(c), and the record demonstrates that tenant had not retained new counsel when the judgment was entered upon her default, that judgment must be vacated (see Moray v Koven & Krause, Esqs., 15 NY3d at 389; Duandre Corp. v Golden Krust Caribbean Bakery & Grill, 140 AD3d 481 [2016]; Galletta v Siu-Mei Yip, 271 AD2d 486 [2000]).
Landlord's protests about the delay of this nuisance holdover proceeding are unavailing. Relief from the stay was entirely in landlord's control, since "[i]t lies within the power of the other side to bring the stay to an end by serving a notice on the affected party to appoint new counsel within 30 days" (Moray v Koven & Krause, Esqs., 15 NY3d at 389 [internal quotation marks omitted]; see Soldovieri v Flack, 106 AD3d 717, 719 [2013]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 29, 2018