Transasia Commodities Inv. Ltd. v NewLead JMEG, LLC (2019 NY Slip Op 01361)





Transasia Commodities Inv. Ltd. v NewLead JMEG, LLC


2019 NY Slip Op 01361


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Oing, Singh, JJ.


654414/13 8514NA 8514N

[*1] Transasia Commodities Investment Limited, Plaintiff-Respondent,
v
NewLead JMEG, LLC, et al., Defendants-Appellants, Jan Berkowitz, Defendant.


Coburn & Greenbaum, PLLC, New York (Jonathan Grenbaum of counsel), for appellants.
Cozen O'Connor, New York (Melissa F. Brill of counsel), for respondent.



Appeal from order, Supreme Court, New York County (Charles Ramos, J.), entered November 22, 2017, which granted plaintiff's motion to accept and confirm the referee's report and recommendation on damages and attorneys' fees and costs, deemed appeal from amended judgment (CPLR 5520[c]), same court and Justice, entered February 16, 2018, in favor of plaintiff as against all defendants in the total sum of $22,262,965.44, and as so considered, said judgement unanimously affirmed, without costs. Order, same court and Justice, entered May 22, 2018, which denied defendants-appellants' motion to vacate an order, entered upon default, striking their answer for discovery violations, unanimously affirmed, without costs.
Although a stay is automatic under CPLR 3219(c) on account of the death, removal or disability of an attorney (see Moray v Koven & Krause, Esqs., 15 NY3d 384 [2010]), here, the court properly exercised its discretion in denying defendants-appellants a stay of this action when their counsel withdrew due to defendants-appellants' failure to pay accrued counsel's fees over an extended period of time (see generally Sarlo-Pinzur v Pinzur, 59 AD3d 607 [2d Dept 2009]). Affidavits submitted attesting that defendants-appellants were unable to pay, due to alleged financial difficulties, were properly discounted by the court absent substantiation via financial records and where the past conduct of defendants-appellants in frustrating discovery and delaying the action supported the court's determination. Defendants-appellants' motion to vacate their default was properly denied. Defendants's failure to timely pay a $15,000 court-ordered sanction may be deemed willful, as such recent conduct was consistent with defendants-appellants' pattern of noncompliance with multiple prior discovery orders, as well as their: (i) deliberate disposal of nearly three years worth of relevant email correspondence between defendants-appellants' controlling principals, (ii) their misleading statements made to the court, (iii) their providing altered documents to plaintiff, and (iv) their assertion of counterclaims founded upon, inter alia, altered documents — which counterclaims were ultimately withdrawn after forensic study of the documents. Where a party is found to have engaged in a protracted pattern of delay and noncompliance with numerous court orders, willful and contumacious conduct may be inferred, and it is a provident exercise of discretion under such circumstances to reject the party's excuse for such conduct (see e.g. Cipriano v Rish, 116 AD2d 541 [1st Dept 1986]). As defendants-appellants failed to provide an acceptable excuse for their noncompliance with the court's October 19, 2016 order, it is unnecessary to determine whether a meritorious defense exists (see Vasquez v Lambert Houses Redevelopment Co., 110 AD3d 450 [1st Dept 2013]). Moreover, plaintiff has established it would be prejudiced if defendants-appellants' default was vacated, as defendants admittedly erased tens of thousands of relevant emails that were exchanged between defendants' two primary principals during the time period in question [*2](see generally Metral v Bonifacio, 309 AD2d 724 [1st Dept 2003]; Mutual Mar. Off., Inc. v Joy Constr. Corp., 39 AD3d 417 [1st Dept 2007]).
We have considered defendants-appellants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK