CJK Real Estate LLC, Petitioner-Landlord-Respondent,
against
Hana McGrath, Respondent-Tenant-Appellant, -and- John Doe and Jane Doe, Respondents.



Tenant appeals from 1) that portion of an order of the Civil Court of the City of New York, New York County (Laurie L. Lau, J.), dated November 8, 2017, which conditioned the grant of her motion to vacate a default final judgment upon her payment of $18,312.80, in a holdover summary proceeding; 2) an amended order (same court and Judge) dated December 14, 2017, which extended tenant's time to comply with the November 8, 2017 order; and 3) an order of the same court (Timmie Erin Elsner, J. upon a decision of Laurie L. Lau, J.), dated January 3, 2018, which denied tenant's motion, inter alia, for a further stay pending appeal.




Per Curiam.
Order (Laurie L. Lau, J.), dated November 8, 2017, insofar as appealed from, reversed, with $10 costs, and tenant's motion to vacate the default final judgment granted unconditionally. Appeals from orders entered December 14, 2017 (Laurie L. Lau, J.) and January 3, 2018 (Timmie Erin Elsner, J. upon a decision of Laurie L. Lau, J.) dismissed, without costs, as academic.
The default final judgment entered against tenant should have been vacated unconditionally. The suspension of tenant's counsel resulted in an automatic stay of this holdover proceeding until thirty days after notice to appoint another attorney was served upon tenant (see CPLR 321[c]; Moray v Koven & Krause, Esqs., 15 NY3d 384 [2010]; Scirica v Colantonio, 111 AD3d 571, 572 [2013]). Landlord never acted to lift the stay by serving a notice upon tenant to appoint new counsel within 30 days. Nor did the Court's order of September 19, 2017, which adjourned the matter to afford tenant time to retain new counsel, constitute a proper "notice to appoint another attorney" pursuant to CPLR 321(c), since it did not afford tenant thirty days to do so before the trial was to resume on October 17, 2017. In these circumstances, the default final judgment entered upon tenant's default on October 17, 2017 was obtained without compliance with CPLR 321(c), and therefore "should have been vacated without condition" (Chavoustie v [*2]Shaad, 133 AD2d 532 [1987]; see Galletta v Siu-Mei Yip, 271 AD2d 486 [2000]).
Nor is a contrary result required by the notice of appearance purportedly filed by tenant's newly retained attorney on October 17, 2017 (the morning of the scheduled resumption of trial), since new counsel was unable to, and did not, appear for trial on afternoon of October 17th, and tenant's rights were not protected during the 30-day period (see Matter of Allstate Ins. Co. v Phillips, 128 AD2d 518 [1987]; see also Moray v Koven & Krause, Esqs., 15 NY3d at 389, quoting Hendry v Hilton, 283 App Div 168, 171 [1953] ["The [CPLR 321[c]] stay is meant to afford a litigant, who has, through no act or fault of his own, been deprived of the services of his counsel, a reasonable opportunity to obtain new counsel before further proceedings are taken against him in the action"]).
Were we not unconditionally vacating the default for noncompliance with CPLR 321(c), we would, in the particular circumstances of this case, exercise our broad discretionary power to unconditionally vacate the default "for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; see Soldovieri v Flack, 106 AD3d 717, 719 [2013]; Stasiak v Forlenza, 84 AD3d 1214, 1216-1217 [2011]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 24, 2019