JPMorgan Chase Bank, N.A. v Simonsen (2022 NY Slip Op 05156)

JPMorgan Chase Bank, N.A. v Simonsen

2022 NY Slip Op 05156

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2019-01577
 (Index No. 11585/13)

[*1]JPMorgan Chase Bank, National Association, respondent,
v
Chris Simonsen, etc., appellant, et al., defendants.

Thomas A. Sirianni (J. Douglas Barics, Commack, NY, of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Chris Simonsen appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 25, 2019. The order and judgment of foreclosure and sale, upon an order of the same court entered December 19, 2018, denying the motion of the defendant Chris Simonsen, in effect, to vacate an order of same court entered October 27, 2016, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against him and for an order of reference, granted the plaintiff's motion for a judgment of foreclosure and sale and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the motion of the defendant Chris Simonsen, in effect, to vacate the order entered October 27, 2016, is granted, the plaintiff's motion for a judgment of foreclosure and sale is denied, and the order entered December 19, 2018, is modified accordingly.
In September 2013, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Chris Simonsen. Thomas A. Sirianni was retained as counsel for Simonsen. On September 10, 2014, Sirianni was suspended from the practice of law for a period of two years (see Matter of Sirianni, 123 AD3d 8). The period of suspension commenced on October 28, 2014.
On June 5, 2015, Sirianni moved pursuant to CPLR 321(b)(2) for leave to withdraw as counsel for Simonsen, citing his suspension from the practice of law. In an order entered October 21, 2015 (hereinafter the withdrawal order), the Supreme Court granted the motion, directed Simonsen to retain new counsel or elect to proceed pro se within 30 days of the entry of the order, and stated that the plaintiff may proceed with the foreclosure action.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Simonsen and for an order of reference. In an order entered October 27, 2016 (hereinafter the summary judgment order), the Supreme Court granted the motion without opposition.
Sirianni was subsequently reinstated as an attorney and counselor-at-law (see Matter of Sirianni, 158 AD3d 809). Thereafter, in September 2018, Simonsen moved, through Sirianni as his counsel, in effect, to vacate the summary judgment order on the ground that it was entered in violation of CPLR 321(c). In support of the motion, Simonsen submitted an affidavit in which he stated that after Sirianni was suspended from the practice of law in 2014, Simonsen "was never served with a notice to appoint a new attorney." In an order entered December 19, 2018, the Supreme Court denied the motion. In an order and judgment of foreclosure and sale entered March 25, 2019, the court granted the plaintiff's motion for a judgment of foreclosure and sale and directed the sale of the subject property. Simonsen appeals.
CPLR 321(c) provides, inter alia, that "[i]f an attorney dies, becomes physically or mentally incapacitated, or is removed, suspended or otherwise becomes disabled at any time before judgment, no further proceeding shall be taken in the action against the party for whom he [or she] appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party." "[D]uring the stay imposed by CPLR 321(c), no proceedings against the party will have any adverse effect" (Moray v Koven & Krause, Esqs., 15 NY3d 384, 389 [internal quotation marks omitted]), and "[o]rders or judgments that are rendered in violation of the stay provisions of CPLR 321(c) must be vacated" (Wells Fargo Bank, N.A. v Kurian, 197 AD3d 173, 176; see Matter of Cassini, 182 AD3d 13, 16; Matter of Allstate Ins. Co. v Phillips, 128 AD2d 518, 519). "It lies within the power of the other side to bring the stay to an end by serving a notice on the affected party to appoint new counsel within 30 days" (Moray v Koven & Krause, Esqs., 15 NY3d at 389 [internal quotation marks omitted]). The protections of CPLR 321(c) can be waived where the party elects to proceed pro se (see Moray v Koven & Krause, Esqs., 15 NY3d at 390, citing Telmark, Inc. v Mills, 199 AD2d 579, 580-581) or retains a new counsel who formally appears in the action (see Wells Fargo Bank, N.A. v Kurian, 197 AD3d at 178).
This action was automatically stayed by operation of CPLR 321(c) on October 28, 2014, the effective date of Sirianni's suspension from the practice of law. At no point was Simonsen provided, pursuant to CPLR 321(c), with the required notice to appoint another attorney, either by the court or opposing counsel. Moreover, the withdrawal order, which granted Sirianni's motion pursuant to CPLR 321(b)(2) for leave to withdraw as counsel for Simonsen, had no practical effect as to whether the notice provision of CPLR 321(c) applied to this case (see Matter of Cassini, 182 AD3d at 48-49). In any event, the withdrawal order failed to direct service of a notice to appoint another attorney upon Simonsen, and there is no evidence in the record that Simonsen was ever served with a copy of the withdrawal order (see CPLR 321[c]; Matter of Cassini, 182 AD3d at 48-49). The record is also devoid of any evidence that, on or after October 28, 2014, Simonsen waived the protections of CPLR 321(c) by electing to proceed pro se. Therefore, the automatic stay was not lifted until Simonsen moved, in effect, to vacate the summary judgment order (see Moray v Koven & Krause, Esqs., 15 NY3d at 390; cf. Wells Fargo Bank, N.A. v Kurian, 197 AD3d at 178).
The plaintiff's contention that the Supreme Court properly granted leave to proceed with the action, in the absence of notice to Simonsen, is unavailing. "[T]he statutory provision for court leave was designed to allow an action to continue 'in cases where the stay of proceedings would produce undue hardship to the opposing party, as where the time to take an appeal or other action would run or where a provisional remedy is sought and speed is essential'" (Fan v Sabin, 125 AD3d 498, 500, quoting Moray v Koven & Krause, Esqs., 15 NY3d at 390; see Matter of Cassini, 182 AD3d at 49). No such circumstances are present here.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court should have granted Simonsen's motion, in effect, to vacate the summary judgment order.
DILLON, J.P., ROMAN, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court