Desiderio v Wilgosz (2023 NY Slip Op 05390)

Desiderio v Wilgosz

2023 NY Slip Op 05390

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-04233
 (Index No. 615205/19)

[*1]John S. Desiderio, appellant,
v
Robert H. Wilgosz, etc., et al., respondents, et al., defendants.

Law Office of John S. Desiderio, P.C., Garden City Park, NY, for appellant.
Stephen C. Giametta & Associates, P.C., Bohemia, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered May 14, 2021. The order (1) granted the defendants' motion to vacate a clerk's judgment entered July 13, 2020, which, upon an order of the same court (Jack L. Libert, J.) entered June 2, 2020, granting the plaintiff's motion for leave to enter a default judgment against the defendants, was in favor of the plaintiff and against the defendants in the total sum of $93,693.57, (2) denied the plaintiff's motion pursuant to CPLR article 52 to compel the turnover of certain funds, (3) denied the plaintiff's motion to compel the defendant Robert H. Wilgosz to comply with a subpoena and for sanctions against that defendant, and (4) denied the plaintiff's motion to hold the defendant Robert H. Wilgosz in contempt.
ORDERED that the order entered May 14, 2021, is affirmed, with costs.
The plaintiff commenced this action against the defendant Robert H. Wilgosz and several businesses allegedly owned and operated by Wilgosz, alleging that the plaintiff performed work for which he had not been paid. Upon the defendants' failure to timely answer the complaint, the plaintiff successfully moved for leave to enter a default judgment against them. A clerk's judgment was entered in favor of the plaintiff and against the defendants on July 13, 2020. Thereafter, the plaintiff filed separate motions seeking to compel the turnover of certain funds, to compel Wilgosz to comply with a subpoena and for sanctions against Wilgosz, to hold Wilgosz in contempt, and to enforce the July 13, 2020 judgment. The defendants moved pursuant to CPLR 5015(a) to vacate the clerk's judgment. By order entered May 14, 2021, the Supreme Court granted the defendants' motion to vacate the July 13, 2020 judgment, and denied the plaintiff's pending motions. The plaintiff appeals. We affirm, albeit on a different ground than that relied upon by the Supreme Court.
CPLR 321(c) mandates that if an attorney "is removed, suspended, or otherwise becomes disabled at any time before judgment, no further proceeding shall be taken in the action against the party for whom he [or she] appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party either personally or in such manner as the court directs" (see Moray v Koven & Krause, Esqs., 15 NY3d 384, 388). "CPLR [*2]321(c) protects the client by automatically staying the action from the date of the disabling event," and "judgments that are rendered in violation of the stay provisions of CPLR 321(c) must be vacated" (Wells Fargo Bank, N.A. v Kurian, 197 AD3d 173, 176; see Moray v Koven & Krause, Esqs., 15 NY3d at 388-389).
Here, the defendants' attorney was suspended from the practice of law effective May 18, 2020. Thereafter, the defendants were not served with a notice to appoint another attorney, and the Supreme Court did not grant leave to resume the proceedings. Since another attorney did not appear on behalf of the defendants until September 24, 2020, an automatic stay was in place when the judgment was entered on July 13, 2020. Contrary to the plaintiff's contention, even assuming that the defendants improperly raised this issue for the first time in their reply papers, they properly raised this issue on appeal (see Moray v Koven & Krause, Esqs., 15 NY3d at 390; Matter of Cassini, 182 AD3d 13, 45-46). Accordingly, the court properly granted the defendants' motion to vacate the July 13, 2020 judgment.
The plaintiff's remaining contentions are either academic in light of our determination or without merit.
IANNACCI, J.P., GENOVESI, FORD and WAN, JJ., concur.

2021-04233 DECISION & ORDER ON MOTION
John S. Desiderio, appellant,
v Robert H. Wilgosz, etc., et al., respondents,
et al., defendants.
(Index No. 615205/19)

Motion by the appellant to strike stated portions of the respondents' brief on the ground that they raise issues that are not properly before this Court and to impose a sanction upon the respondents and the respondents' counsel. By decision and order on motion of this Court dated February 7, 2022, that branch of the motion which is to strike stated portions of the respondents' brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the respondents' brief is denied.
IANNACCI, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court