Deutsche Bank Trust Co. Ams. v Knights (2024 NY Slip Op 05202)

Deutsche Bank Trust Co. Ams. v Knights

2024 NY Slip Op 05202

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-09966
 (Index No. 20195/07)

[*1]Deutsche Bank Trust Company Americas, etc., respondent, 
v
Althea Knights, appellant, et al., defendants.

Crystal Beaumont, Queens Village, NY, for appellant.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Althea Knights appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), dated October 18, 2022. The order, insofar as appealed from, denied stated portions of that defendant's motion, inter alia, pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court (Thomas A. Adams, J.), entered April 10, 2019, and to toll the accrual of interest from May 30, 2008, through February 25, 2020.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the defendant Althea Knights which was to toll the accrual of interest from May 30, 2008, through February 25, 2020, and substituting therefor a provision granting that branch of the motion to the extent of tolling the accrual of interest from August 29, 2008, to January 4, 2019; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 2007, the plaintiff's predecessor in interest commenced this action to foreclose a mortgage against, among others, the defendant Althea Knights (hereinafter the defendant). The defendant interposed an answer to the complaint. The Supreme Court granted the unopposed motion of the plaintiff's predecessor in interest, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and appointed a referee to compute the amount due to the plaintiff. The referee issued a report dated June 5, 2008. In an order entered August 29, 2008, the court granted the unopposed motion of the plaintiff's predecessor in interest for a judgment of foreclosure and sale. The mortgage was then assigned to the plaintiff. The defendant's attorney was suspended from the practice of law in June 2014. In December 2018, the referee issued a second report (hereinafter the December 2018 referee's report).
In January 2019, the plaintiff moved for a judgment of foreclosure and sale (hereinafter the plaintiff's 2019 motion). The plaintiff's 2019 motion was served by certified mail on the defendant's attorney of record, and was made returnable on February 19, 2019. The defendant, acting pro se, signed a stipulation adjourning the plaintiff's 2019 motion to March 5, 2019, and was sent a copy of the plaintiff's 2019 motion by the plaintiff's counsel on February 21, [*2]2019. Despite the adjournment, the defendant failed to oppose the plaintiff's 2019 motion.
In an order and judgment of foreclosure and sale entered April 10, 2019, the Supreme Court, inter alia, granted the plaintiff's 2019 motion, confirmed the December 2018 referee's report, and directed the sale of the subject property. A foreclosure sale was scheduled for June 11, 2019. However, the foreclosure sale was stayed due to the defendant's Chapter 7 bankruptcy proceeding, filed pro se on June 3, 2019. A second foreclosure sale was scheduled for February 25, 2020. However, the foreclosure sale was stayed due to the defendant's Chapter 13 bankruptcy proceeding, filed pro se on February 25, 2020.
In February 2021, the defendant moved, among other things, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and to toll the accrual of interest from May 30, 2008, through February 25, 2020. The plaintiff opposed the motion. In an order dated October 18, 2022, the Supreme Court, inter alia, denied the defendant's motion. The defendant appeals.
CPLR 321(c) provides, among other things, that "'[i]f an attorney dies, becomes physically or mentally incapacitated, or is removed, suspended or otherwise becomes disabled at any time before judgment, no further proceeding shall be taken in the action against the party for whom he [or she] appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party'" (JPMorgan Chase Bank, N.A. v. Simonsen, 208 AD3d 1167, 1169). During the stay imposed by CPLR 321(c), no proceedings against the party will have any adverse effect, and orders or judgments that are rendered in violation of the stay must be vacated (see JPMorgan Chase Bank, N.A. v. Simonsen, 208 AD3d at 1169). The opposing party can end the stay by serving a notice on the affected party to appoint new counsel within 30 days (see id.). The protections of CPLR 321(c) can be waived where the affected party elects to proceed pro se or retains new counsel who formally appears in the action (see JPMorgan Chase Bank, N.A. v. Simonsen, 208 AD3d at 1169). Under the circumstances of this case, given that the plaintiff was already granted summary judgment on the complaint insofar as asserted against the defendant and a judgment of foreclosure and sale in 2008, the defendant's attorney was not suspended until 2014, and there is evidence in the record that the defendant was proceeding pro se in this action, the protections of CPLR 321(c) were waived (see id.; Wells Fargo Bank, N.A. v Kurian, 197 AD3d 173, 178).
The "failure to give a party proper notice of a motion deprives the court of jurisdiction to entertain the motion and renders the resulting order void" (U.S. Bank Trust, N.A. v Johnson, 201 AD3d 841, 842 [internal quotation marks omitted]). Here, however, the record does not support the defendant's contention that she did not receive proper notice of the plaintiff's 2019 motion. The plaintiff first served the plaintiff's 2019 motion on the defendant's attorney of record (see CPLR 2103[b]). Thereafter, the defendant, acting pro se, signed a stipulation adjourning the plaintiff's 2019 motion, and the defendant acknowledged that she received a copy of the plaintiff's 2019 motion from the plaintiff's counsel approximately two weeks before the stipulated adjourn date (see id. § 2214[b]). Under these circumstances, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale (see Wilmington Sav. Fund Socy., FSB v Sheikh, 183 AD3d 783, 784-785; Bank of N.Y. v Attia, 172 AD3d 666, 667-668; Wachovia Mtge., FSB v Coleman, 170 AD3d 1244, 1245).
"'In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party'" (Onewest Bank, FSB v Kaur, 172 AD3d 1392, 1394, quoting BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862; see CPLR 5001[a]; Deutsche Bank Trust Co. Ams. v Gonzales, 215 AD3d 636, 639). "Further, a tolling and cancellation of interest may also be warranted where there is an unexplained delay in prosecution of a mortgage foreclosure action" (GMAC Mtge., LLC v Yun, 206 AD3d 798, 798-799 [internal quotation marks omitted]).
The defendant requested that interest be tolled from May 30, 2008, the date as of [*3]which the first referee's report computed the amount due to the plaintiff, through February 25, 2020, the date on which the second foreclosure sale was scheduled. In opposition to that branch of the defendant's motion which was to toll the accrual of interest from May 30, 2008, through February 25, 2020, the plaintiff failed to offer an adequate explanation for the lengthy delay between the entry of the first judgment of foreclosure and sale in 2008 and the plaintiff's 2019 motion. The plaintiff's conclusory contentions that it was obligated to comply with Administrative Orders of the Chief Administrative Judge of the Courts enacted in response to the 2008 subprime mortgage crisis fail to account for the plaintiff's inordinate delay, and the COVID-19 pandemic and bankruptcy stays did not occur until 2020. Accordingly, since the defendant was prejudiced by the plaintiff's unexplained delay of approximately 11 years, during which time interest had been accruing, the interest on the loan should have been tolled from August 29, 2008, the date of entry of the order granting the unopposed motion of the plaintiff's predecessor in interest for a judgment of foreclosure and sale, to January 4, 2019, the date of the plaintiff's 2019 motion (see id. at 799).
The defendant's remaining contention is without merit.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court