Gilchrist v Your First Home, LLC (2024 NY Slip Op 05307)

Gilchrist v Your First Home, LLC

2024 NY Slip Op 05307

Decided on October 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 29, 2024

Before: Singh, J.P., Pitt-Burke, Higgitt, Rosado, O'Neill Levy, JJ. 

Index No. 307878/11 Appeal No. 2914-2915 Case No. 2023-06390, 2023-06398 

[*1]Walter Gilchrist, Plaintiff-Respondent,
v
Your First Home, LLC, Defendant, Mitchell Cohen, Defendant-Appellant.

Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens (Kimberly Wroblewski of counsel), for appellant.
Robert G. Leino, New York, for respondent.

Judgment, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about September 13, 2018, after inquest, awarding plaintiff the total amount of $127,728.55, unanimously affirmed, with costs. Order, same court and Justice, entered on or about June 14, 2019, which denied defendant Mitchell Cohen's motion to vacate the aforementioned judgment, unanimously affirmed, with costs.
In this action seeking damages under several causes of action, including breach of contract and misrepresentation, arising from a contract for the sale of real property, plaintiff alleged that defendant Your First Home, LLC (Your First Home) sold property to plaintiff in a defective condition, and despite defendant's assurances, transferred said property to plaintiff without the agreed upon repairs. Defendant-appellant Mitchell Cohen is the alleged alter ego of defendant Your First Home, LLC.
Under the circumstances presented, there was no violation of CPLR 321(c). Following the death of Cohen's then attorney on January 21, 2016, Cohen appeared on or about June 1, 2016, when, in light of his incarceration through January 2017, he sought a continuance of the proceedings until April 2017. He asked that his letter be treated as a motion for continuance and expressed his intent to continue defending himself in the action or to retain new counsel (see Moray v Koven & Krause Esqs., 15 NY3d 384 [2010]). Consistent with the relief defendant requested in his letter "motion," the next appearance was not scheduled until September 2017, well after his release from prison and his requested continuance to April 2017. Thus, the objective of CPLR 321(c), to protect the unrepresented party, was achieved (Moray at 389-390). Given the additional time Cohen had to prepare his defense, or in the alternative to retain new counsel, there was no prejudice to him stemming from the death of his attorney.
The court properly denied defendant's motion to vacate the default judgment after inquest. As evidenced by Cohen's June 2016 correspondence to the court, he was well aware of upcoming scheduled court appearances. He was served by letter from plaintiff's counsel, at Cohen's last known address in Old Westbury, New York, of a court appearance on December 18, 2017 and an inquest appearance on March 30, 2018, among other appearances, at which he failed to appear. Although Cohen provided a "proposed residence" in Melville, New York, on his Federal Bureau of Prisons release and arrival form, there is no evidence that he otherwise provided the court or plaintiff's counsel with his updated address after his release from prison. Thus, Cohen failed to provide a reasonable excuse for his default (compare Latha Rest. Corp. v Tower Ins. Co., 285 AD2d 437 [1st Dept 2001]).
Because the reasonable excuse requirement was not satisfied, this Court need not evaluate whether Cohen proffered a meritorious defense (see Cusumano v Riley Land Surveyors, LLP, 179 AD3d 593, 594 [1st Dept 2020]). Were we to do so, [*2]we would find that Cohen proffered conclusory defenses which are insufficient to establish a meritorious defense (see Widgren v 313 E. 9th Assoc., 295 AD2d 146 [1st Dept 2002]).
We have considered Cohen's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2024