Matter of Grayco Alternative Partners II, LP v 5 Stone Green Capital, LLC (2025 NY Slip Op 01868)

Matter of Grayco Alternative Partners II, LP v 5 Stone Green Capital, LLC

2025 NY Slip Op 01868

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Kern, J.P., Friedman, Kapnick, Mendez, Higgitt, JJ. 

Index No. 652377/21|Appeal No. 3994-3994A|Case No. 2024-02616|

[*1]In the Matter of Grayco Alternative Partners II, LP, Petitioner-Respondent,
v
5 Stone Green Capital, LLC, et al., Respondents-Appellants.

Miranda Law Office, Albany (Martin A. Miranda of counsel), for appellants.
Mitchell Silberberg & Knupp LLP, New York (Jacob D. Albertson of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about March 11, 2024, which denied respondents-appellants' motion to vacate a judgment against them, same court (Robert R. Reed, J.), entered August 17, 2023, pursuant to an order, same court and Justice, entered June 26, 2023, which confirmed an arbitration award, unanimously reversed, on the law, without costs, the motion granted, the judgment vacated, and the matter remanded for further proceedings consistent with this decision.
The judgment should have been vacated because the proceedings were automatically stayed in December 2021 when appellants' counsel of record died during the pendency of the action, and the stay was not lifted before entry of the August 17, 2023 judgment (CPLR 321[c]; see Moray v Koven & Krause, Esqs., 15 NY3d 384, 388-389 [2010]; Duandre Corp. v Golden Krust Caribbean Bakery & Grill, 140 AD3d 481, 481 [1st Dept 2016]). Under CPLR 321, an automatic stay of the proceedings will remain in effect until 30 days after notice to appoint another attorney is served on the affected party, or until the court grants leave to resume proceedings (CPLR 321[c]; Moray, 15 NY3d at 388-390 [2010]). While a 321(c) stay is in effect, "no proceedings against the party will have any adverse effect" (Moray, 15 NY3d at 389; Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C321:3 at 183) Here, however, there was no compliance with either the leave or notice requirements of CPLR 321[c], and appellants did not retain new counsel until September 2023, well after the August 17, 2023 judgment and the June 26, 2023 order were entered (see Duandre Corp., 140 AD3d at 481).
The record does not support Supreme Court's conclusion that appellants were represented by a partnership or law firm in which their deceased counsel was one of two partners, especially since the attorney who purportedly was the other partner submitted an affirmation denying the existence of any such partnership or firm and there was no evidence in the record of a written partnership agreement (see Delidimitropoulous v Karantinidis, 186 AD3d 1489, 1490 [2d Dept 2020]; Tedesco v Ecobank Transnational Inc., 102 AD3d 607, 607-08 [1st Dept 2013]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025